PETER L. GILL *vs.* BOARD OF REGISTRATION OF
PSYCHOLOGISTS.

Suffolk. January 9, 1987. — April 23, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Administrative Law*, Exhaustion of remedies, Agency. *Jurisdiction*, Administrative matter. *Practice, Civil*, Declaratory proceeding. *Declaratory Relief.*

A licensed psychologist who purported to have resigned his license to practice in the Commonwealth was not entitled to declaratory and injunctive relief restraining the Board of Registration of Psychologists from proceeding against him on a charge of improper conduct, where the board had never had an opportunity to consider and determine his claim that, by resigning his license, he had deprived the board of jurisdiction. [726-728]

Where an administrative body, in the course of investigative proceedings before it, had not yet considered a party's contention that it was acting beyond its jurisdiction, and insisted, as defendant in an action for declaratory and injunctive relief commenced during the pendency of the administrative proceedings, that it be allowed to determine the jurisdictional issue in the first instance; and where the party's reliance on administrative relief could not be said to be futile within the meaning of G. L. c. 231A, § 3, declaratory and injunctive relief to restrain further action by the administrative body was inappropriate. [728-729]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 12, 1985.

The case was reported by *Abrams*, J.

*Donald K. Stern (Paul G. Gitlin* with him) for the plaintiff.

*Stephen S. Ostrach*, Assistant Attorney General, for the defendant.

HENNESSEY, C.J. The plaintiff, Peter L. Gill, seeks a judgment declaring that he had the right voluntarily to resign his license to practice psychology in the Commonwealth and an injunction restraining the defendant Board of Registration of

Psychologists (board) from refusing to dismiss its order to show cause and from continuing any further investigation of him. G. L. c. 231A, § 1, and G. L. c. 214, § 1 (1984 ed.). A single justice of the Supreme Judicial Court for Suffolk County reserved and reported the case to the full court on a statement of agreed facts. We conclude that the plaintiff's complaint should be dismissed for failure to exhaust the available administrative remedies before the board.

We summarize the statement of agreed facts. The plaintiff was first licensed by the board on December 31, 1973. His license was most recently renewed by the board effective July 1, 1984. In September, 1983, the board received a complaint from a former patient of the plaintiff, alleging improper conduct on the part of the plaintiff. In November, the board forwarded this complaint to the plaintiff, who filed a timely answer denying the allegations. The board subsequently issued an order to show cause on August 3, 1984, to which the plaintiff responded by denying the allegations of the complaint and by filing a motion for a more definite statement, which was granted. When the board failed to amend the complaint by filing a more definite statement, the plaintiff filed a motion to dismiss, which was denied. On January 25, 1985, the board issued an amended order to show cause, and again the plaintiff filed a motion to dismiss in addition to his answer. The case was referred to an administrative magistrate who recommended that the motion to dismiss be granted. On July 12, 1985, the board dismissed the amended order to show cause, although it concluded that the dismissal did not "prohibit the issuance of a future Order to Show Cause, even one that is the result of further investigation of [the] original complaint."

On July 16, 1985, the plaintiff wrote to the board and "resigned" his license to practice psychology. The board responded in a letter signed by Joseph R. Autilio, counsel to the board, stating that "[t]he dismissal of your case without prejudice together with the current review of this matter make[s] it inappropriate for the Board to accept your attempt to resign your license in this manner." The board subsequently issued a new order to show cause on November 21, 1985, to which the

plaintiff filed a motion to dismiss on the ground that the board's action was beyond its jurisdiction. The administrative magistrate did not rule on that motion, but granted the plaintiff's motion to stay proceedings pending a decision by this court on the plaintiff's request for declaratory and injunctive relief.

Under G. L. c. 112, § 128 (1984 ed.), and 251 Code Mass. Regs. § 3.09 (1978), the board may suspend or revoke a license granted pursuant to G. L. c. 112, §§ 119-121, and 251 Code Mass. Regs. §§ 3.02-3.08 and 3.10. As framed by the plaintiff, the question of the board's jurisdiction is ultimately contingent on a determination of the effectiveness of the purported "resignation." The plaintiff argues that his resignation was effective when the board received his letter of July 16; that because he was no longer licensed when the order to show cause was issued, the board possesses no power which can be exercised in this instance; and that thus it is without jurisdiction to proceed in this case. The plaintiff, however, has not presented this argument before the board.

We have long followed the rule that "[i]n the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts." *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination,* 364 Mass. 444, 448 (1973), quoting *Gordon* v. *Hardware Mut. Casualty Co.,* 361 Mass. 582, 587 (1972), and cases cited. "To permit judicial interference with the orderly administration by the [board] of matters entrusted to it by the Legislature before it has commenced to exercise its authority in any particular case or before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to the [board], and would result in the substitution of the judgment of the court for that of the [board]. Courts must be careful not to invade the province of an administrative board. The instances are rare where circumstances will require such interference." *Saint Luke's Hosp.* v. *Labor Relations Comm'n,* 320 Mass. 467, 470 (1946). In this case, the board has not had the opportunity to consider the plaintiff's argument. Certainly, the board should

consider the questions raised and determine whether under its interpretation of the relevant statutes, it may properly exercise jurisdiction in this case. See *Hathaway Bakeries, Inc.* v. *Labor Relations Comm'n,* 316 Mass. 136, 140 (1944) ("It was the duty of the commission in the first instance to decide whether it possessed the power to entertain the union's petition for certification and, if it found it lacked the power, to dismiss the petition"). In previous cases in which we have dispensed with the requirement that further administrative remedies be exhausted and have reached the jurisdictional issue, the agency involved has also had the opportunity to consider and has decided the same question. See, e.g., *Lahey Clinic Found., Inc.* v. *Health Facilities Appeals Bd.,* 376 Mass. 359, 367 (1978); *Ciszewski* v. *Industrial Accident Bd.,* 367 Mass. 135, 137 (1975).

Not only should the board have the opportunity to address the issues raised by the plaintiff, but allowing the board this opportunity will also avoid the occurrence of untimely and piecemeal litigation. "The requirement that parties exhaust their administrative remedies before seeking review in this court is not a mere procedural device to trap the unwary litigant; rather, it is a sound principle of law and jurisprudence aimed at pre-serving the integrity of both the administrative and judicial processes. In the absence of such a requirement a court would be in the position of reviewing administrative proceedings in a piecemeal fashion . . . and thus departing from the usual appellate practice of reviewing only final, and not interlocutory decrees . . . . More important, however, allowing the adminis-trative process to run its course before permitting full appellate review gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing." *Assuncao's Case,* 372 Mass. 6, 8 (1977). The board has held no hearing on the jurisdictional question raised by the plaintiff and has had no opportunity to render a considered decision under the facts of this case. Consequently, the plaintiff has clearly failed to exhaust his administrative remedies under the statutory and regulatory provisions governing the revocation

or suspension of a license. G. L. c. 112, § 128. 251 Code Mass. Regs. §§ 1.01-1.08.

Nevertheless, the plaintiff argues that he need not exhaust his administrative remedies in this case, citing *Saint Luke's Hosp.* v. *Labor Relations Comm'n, supra.* In that case, we concluded that "where the board is dealing with a matter that is clearly beyond the scope of its authority, then one may challenge the jurisdiction of the board by invoking the aid of the courts and need not wait until the board has made a final order." *Id.* at 470. Furthermore, the plaintiff argues that the jurisdictional question may be resolved in this instance in the absence of any factual finding by the board because the question has been submitted to this court on a statement of agreed facts. See *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination, supra* at 451; *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.,* 329 Mass. 243, 247 (1952). However, in *Saint Luke's Hosp.* v. *Labor Relations Comm'n, supra* at 470, we cautioned that "[w]here the contention is that the board is acting beyond its jurisdiction, the board should have an opportunity to ascertain the facts and decide the question for itself." Only where the board fails to insist on determining the jurisdictional question, submits all material facts to the court "leaving open only the question of law," and the facts clearly indicate that the board lacks jurisdiction, may a party disrupt the administrative proceedings and petition the court to restrain further action. *Id.* The plaintiff initiated this action for declaratory and injunctive relief in the middle of the administrative proceedings and moved that the administrative magistrate stay those proceedings pending the decision of this court. Before us, the board has insisted that it be allowed to determine the jurisdictional question in the first instance. Consequently, the exception relied on by the plaintiff does not apply.

Nor is the plaintiff aided by invoking our declaratory powers under G. L. c. 231A since "[i]t is clear from *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination,* 364 Mass. 444 (1973), that '[a] proceeding for declaratory judgment in itself does not operate to suspend the ordinary requirement

that a plaintiff exhaust his administrative remedies before seeking judicial relief.' *Id.* at 450." *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy,* 390 Mass. 583, 588 (1983). Furthermore, the plaintiff cannot argue that administrative proceedings may be futile in this instance under the terms of G. L. c. 231A, § 3. Although the plaintiff contends that the board, by its previous actions, has indicated that it will exercise jurisdiction in this matter, it has not had the opportunity to consider fully the arguments presented by the plaintiff. In addition, the board has not even had the opportunity formally to consider the "resignation" offered by the plaintiff. The fact that the Attorney General has addressed the jurisdiction issue before this court is no substitute for action by the board. When the plaintiff's arguments are properly raised before the board, it may agree with the plaintiff and determine that it has no jurisdiction in this case. Thus, this case is prematurely and unnecessarily before us.

We conclude that neither declaratory nor injunctive relief is appropriate in this case, and we remand it to the single justice, who will enter a judgment dismissing the complaint.

*So ordered.*