EDWARD R. HARRISON & others [1] *vs*. MASSACHUSETTS SOCIETY
OF PROFESSORS/FACULTY STAFF UNION/MTA/NEA
& another.[2]

Hampshire.    February 7, 1989. — May 15, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Administrative Law*, Primary jurisdiction, Judicial review. *Jurisdiction*,
Labor case, Primary jurisdiction. *Labor*, Union agency fee. *Constitu-
tional Law*, Union. *Practice, Civil*, Declaratory proceeding, Parties.

In an action by teachers at the University of Massachusetts against their
employer and the union which represented their collective bargaining
unit claiming that the union's agency service fee demand for nonmembers
violated their rights under the First Amendment to the Federal Constitu-
tion because it failed to provide the plaintiffs with sufficient information
regarding how the fee was calculated so that they could gauge its pro-
priety, there was no error in the judge's conclusion that the constitutional
nature of the plaintiffs' claim made it an appropriate case for judicial
resolution, and not one committed to the primary jurisdiction of the
Labor Relations Commission. [59-60]

In a declaratory judgment action by teachers at the University of Massachu-
setts against their employer and the union which represented their collec-
tive bargaining unit challenging the adequacy of procedures by which
the union demanded and enforced payment of an agency service fee
from a nonmember, the plaintiffs were not required to join the Labor
Relations Commission as a necessary party pursuant to G. L. c. 231A,
§ 8; nor, since the constitutional issue was one raised between private
parties, the plaintiffs and the union, were the plaintiffs required to notify
the Attorney General in accordance with § 8. [60-61]

In an action by teachers at the University of Massachusetts against their
employer and the union which represented their collective bargaining
unit challenging the adequacy of procedures by which the union demand-
ed and enforced payment of an agency service fee from a nonmember,

---

[1] Faculty members of various professional ranks at the University of
Massachusetts and at, all times relevant, within the collective bargaining
unit.

[2] Board of Trustees of the University of Massachusetts, not a party to
this appeal.

405 Mass. 56                                                         57

Harrison *v.* Massachusetts Society of Professors/Faculty Staff Union/MTA/NEA.

the judge correctly concluded that the union violated the plaintiffs' constitutional rights by failing to provide financial information regarding the calculation of the agency service fee in its demands for such fees prior to the 1986-1987 academic year, and because the union's rebate procedure in effect at the time of the 1986-1987 demand was constitutionally inadequate. [61-66]

CIVIL ACTION commenced in the Superior Court Department on December 27, 1983.

The case was heard by *Raymond R. Cross*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Brian A. Riley* for Massachusetts Society of Professors/Faculty Staff Union/MTA/NEA.

*Carol Booth* for the plaintiffs.

*Jean Strauten Driscoll*, for Labor Relations Commission, amicus curiae, submitted a brief.

*Bruce N. Cameron* of Virginia, for Ernest Becker, amicus curiae, submitted a brief.

LYNCH, J. In 1983, the plaintiffs, members of the same collective bargaining unit, commenced an action in the Superior Court for declaratory relief against the Massachusetts Society of Professors/Faculty Staff Union/MTA/NEA (union) and the Board of Trustees of the University of Massachusetts (trustees), challenging the requirement contained in the collective bargaining agreement (agreement) that the plaintiffs join the union or, in the alternative, pay an agency service fee or obtain a waiver of that fee.[3]

The parties' statement of agreed facts indicates that, since 1978, the union and the trustees have entered a series of agreements covering wages, hours, and working conditions. Each

---

[3] General Laws c. 150E, § 12 (1986 ed.), authorizes employee organizations to require nonmembers to pay an agency service fee. We have held that an agency service fee required by the union must be "commensurate with the cost of collective bargaining and contract administration." *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n*, 385 Mass. 70, 72, 78 (1982). See *Chicago Teachers Local No. 1* v. *Hudson*, 475 U.S. 292, 303 n.10 (1986).

agreement provides that all members of the bargaining unit must either join the union or pay an agency service fee.[4] At all relevant times the plaintiffs refused to join the union which represented their collective bargaining unit.

Commencing with the 1982-1983 academic year, the union made demands on the plaintiffs each year for payment of an agency service fee. The demands were made in accordance with the requirements of 456 Code Mass. Regs. § 17.00 (1986), governing agency fees. Beginning with the 1986-1987 academic year the union's agency service fee demand included information concerning the union's calculation of the fee. Similar information had been available in prior years, but had not been sent with the demands.

All the plaintiffs have objected to paying an agency service fee. The union has insisted that, unless a member of the collective bargaining unit pays the fee or challenges the fee, he or she is subject to a five-day suspension. In 1983, three of the plaintiffs were suspended without pay for one week for not paying the 1981-1982 agency fee.

In 1987, the plaintiffs filed an amended complaint alleging that the actions by the union and the trustees violated 42 U.S.C. § 1983 (1982) and G. L. c. 12, § 11I (1986 ed.). The plaintiffs requested that the judge (1) declare that the defendants violated the plaintiffs' rights secured by the First Amendment to the Constitution of the United States by demanding that they pay an agency service fee without first providing the plaintiffs with adequate financial information so that they could gauge the propriety of the union's fee; (2) order the defendants to reimburse any plaintiff who had been suspended the amount of salary withheld during the suspension period; (3) declare that the defendants' demands for agency service fees were constitutionally inadequate; and (4) grant the plaintiffs reasonable costs and attorney's fees.

---

[4] The agreements further provided that a nonmember could apply for conscientious objector status, which, if approved, would permit the applicant to pay an amount equal to the agency service fee into a scholarship fund. Two of the plaintiffs were granted conscientious objector status and have paid their fees into an approved scholarship fund.

405 Mass. 56                                                59

Harrison v. Massachusetts Society of Professors/Faculty Staff Union/MTA/NEA.

On the plaintiffs' motion for summary judgment the judge ruled that the Commonwealth, acting through the trustees, was immune from suit and that the union was not liable under § 1983, because it was not acting under color of State law. However, because the judge ruled that the union violated the plaintiffs' constitutional rights, he held the union liable on the G. L. c. 12, § 11I, claim and awarded the plaintiffs their attorney's fees and costs. The union was also ordered to conform its procedures with the constitutional rights of the plaintiffs and to reimburse certain plaintiffs for wages that were withheld from them. Only the union appeals from the judge's decision. We granted the union's application for direct appellate review. There was no error.

The union argues that (1) the judge abused his discretion by refusing to defer to the Labor Relations Commission's (commission's) primary jurisdiction over agency service fee disputes; (2) the plaintiffs' suit was improper because they failed to notify the Attorney General and failed to join the commission as a necessary party; (3) the requirements set out in *Chicago Teachers Local No. 1* v. *Hudson*, 475 U.S. 292 (1986), should not be applied retroactively and, even if they are, the union did not violate the plaintiffs' constitutional rights.

1. *Jurisdiction.* "The doctrine of primary jurisdiction, which counsels a court to stay its hand when the issue in litigation is within the special competence of an agency, 'does not apply, however, when the issue in controversy turns on questions of law which have not been committed to agency discretion.'" *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n*, 385 Mass. 70, 76 (1982), quoting *Murphy* v. *Administrator of the Div. of Personnel Admin.*, 377 Mass. 217, 221 (1979). There we recognized a distinction between challenges to the amount of the agency service fee, which are to be decided by the commission in the first instance, and constitutional challenges to the procedure by which agency fees are determined, which are appropriate for judicial determination. *Id.* In the present case the plaintiffs' claim that the union's agency fee demand violates their First Amendment rights because, inter alia, it failed to provide the plaintiffs with sufficient information re-

garding how the fee was calculated so that they could gauge its propriety. *Chicago Teachers Local No. 1* v. *Hudson, supra* at 306. There was no error in the judge's conclusion that the constitutional issue raised by the plaintiffs' claim was not one committed to the commission.[5] See *Leahy* v. *Local 1526, Am. Fed'n of State, County, & Mun. Employees*, 399 Mass. 341, 348 (1987). Cf. *Lyons* v. *Labor Relations Comm'n*, 397 Mass. 498, 501-502 (1986). As we noted in the *School Comm. of Greenfield* case, once the constitutional requirements are resolved, the application of those requirements to a specific factual context is within the expertise and primary jurisdiction of the commission. *School Comm. of Greenfield, supra* at 76.

2. *General Laws c. 231A, § 8.* The union claims that the plaintiffs' failure to join the commission as a necessary party and their failure to notify the Attorney General require dismissal of the claim. We do not agree.

Pursuant to G. L. c. 231A, § 8 (1986 ed.), whenever declaratory relief is sought "all persons shall be made parties who have or claim any interest which would be affected by the declaration." The plaintiffs' claim, however, does not challenge any commission action or anything within the jurisdiction or expertise of the commission. While the commission is likely to be "interest[ed]" in the resolution of this case, it does not have a legal interest that warrants its inclusion as a necessary party.

The union's claim that the action must be dismissed because the Attorney General was not notified of the plaintiffs' claim is also without merit. General Laws c. 231A, § 8, requires that the Attorney General be notified when certain claims raise a constitutional question.[6] However, the plaintiffs are not

---

[5] Since the outcome of the plaintiffs' claim will affect other nonmembers who must pay agency service fees, judicial resolution of this dispute is preferable. *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n, supra* at 76. Also, because there was no issue as to any material fact, the Superior Court judge did not usurp the commission's fact-finding role. *Leahy* v. *Local 1526, Am. Fed'n of State, County, & Mun. Employees*, 399 Mass. 341, 350 (1987).

[6] General Laws c. 231A, § 8, reads in pertinent part: "In any proceeding which involves the validity of a municipal ordinance or by-law or of a

explicitly or implicitly challenging the constitutional adequacy of either G. L. c. 150E, § 12, or the commission's regulations, see 456 Code Mass. Regs. § 17.00. Rather, they are challenging the adequacy of the procedures by which the union demands and enforces payment of an agency fee by a nonmember. It is not necessary to notify the Attorney General when a constitutional issue is raised between private parties. The judge did not err in ruling that the Attorney General need not be notified of this action.

3. *Constitutionality of the union's agency service fee demand.* In ruling on the plaintiffs' motion for summary judgment, the judge held that the union violated the plaintiffs' constitutional rights because it failed to provide financial information regarding the calculation of the agency service fee in its demands prior to the 1986-1987 demand for agency service fees, and because the union's rebate procedure, in effect at the time of the 1986-1987 demand, was constitutionally inadequate. We agree, and thus affirm that portion of the order for summary judgment.

An agency service fee represents an employee's pro rata share of the union's over-all "costs of collective bargaining, contract administration, and grievance adjustment," and is paid by a bargaining unit member who chooses not to join the union. *Chicago Teachers Local No. 1* v. *Hudson*, 475 U.S. 292, 294 (1986), quoting *Ellis* v. *Brotherhood of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Employees*, 466 U.S. 435, 447 (1984). See *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n, supra* at 78. It is beyond dispute that the plaintiffs, as members of the collective bargaining unit, are required to pay their proportional share of these costs. *Id.* However, it is also well established that, in demanding that nonmembers pay an agency service fee, a union cannot force the

franchise, license, easement or other privilege granted by the commonwealth or a municipality thereof, the municipality, or the agency granting the privilege . . . shall be made a party and shall be entitled to be heard. If a question of constitutionality is involved in any proceeding under this chapter, the Attorney General shall also be notified of the proceeding and be entitled to be heard."

nonmember "to support the social, political, or speech activities of the [union]." *Id.* See *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209, 235-237 (1977). Cf. *International Ass'n of Machinists* v. *Street*, 367 U.S. 740, 768-769 (1961) (interpreting Railway Labor Act). Thus, the union's mere demand for the payment of an agency service fee implicates nonmembers' constitutional rights. *Chicago Teachers Local No. 1* v. *Hudson*, *supra* at 309 ("the agency shop itself impinges on the nonunion employees' First Amendment interests").

The Supreme Court, in *Chicago Teachers Local No. 1* v. *Hudson*, *supra*, clarified the procedural requirements for agency service fee demands to ensure that an impermissible use of the nonmembers' funds does not take place. There, the Supreme Court stated: "Basic considerations of fairness, as well as concern for the First Amendment rights at stake . . . dictate that the *potential objectors* be given sufficient information to gauge the propriety of the union's fee. Leaving the nonunion employees in the dark about the source of the figure for the agency fee — and requiring them to object in order to receive information — does not adequately protect the careful distinctions drawn in *Abood*." (Emphasis added.) *Id.* at 306. Thus, the Court required "an adequate explanation of the basis for the fee" contemporaneous with a union's agency fee demand. *Id.* at 310.

The parties have stipulated that, beginning with the 1982-1983 academic year, the union sent the plaintiffs demands for agency service fees, and that not until the 1986-1987 academic year did the demand for payment "include[ ] an explanation how the agency service fee was calculated for the Union and its state and national affiliates." They also stipulated that similar financial information was available during the prior years but it was not sent with the union's demands. Applying *Hudson*'s requirement[7] that "potential objectors be given sufficient infor-

---

[7] The judge found that applying the constitutional standards set out in the *Hudson* case to the plaintiffs' claim was appropriate because the "procedural requirements set out in *Hudson* were clearly foreshadowed by *Abood*." See *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209, 244 (1977) (Stevens, J., concurring) ("[T]he Court's opinion does not foreclose the argument that the

405 Mass. 56    63

Harrison v. Massachusetts Society of Professors/Faculty Staff Union/MTA/NEA.

mation to gauge the propriety of the union's fee" to these circumstances, the judge did not err in finding that the union's demands prior to the 1986-1987 demand were constitutionally inadequate. *Chicago Teachers Local No. 1* v. *Hudson*, *supra* at 306.

The union argues that its compliance with the informational reporting requirements of G. L. c. 150E, § 14, and the regulations regarding agency fees, 456 Code Mass. Regs. § 17.00, meets "all the concerns raised by *Hudson*." We do not agree. The commission's regulations require, in part, that a demand for an agency service fee "include the amount of the service fee, the period for which the fee is assessed, the method by which payment is to be made, the person to whom payment should be made, and the consequences of a failure to pay the fee." 456 Code Mass. Regs. § 17.05(1) (1986). General Laws c. 150E, § 14, requires that the union "keep an adequate record of its financial transactions and shall make annually available to its members *and* to non-member employees who are required to pay a service fee . . . within sixty days after the end of its fiscal year, a detailed written financial report in the form of a balance sheet and operating statement. Such report shall indicate . . . disbursements made by it during its last fiscal year" (emphasis added). See 456 Code Mass. Regs. § 17.03(4) (requiring union to make this information "available for inspection by members of the bargaining unit, at reasonable times and

---

Union should not be permitted to exact a service fee from nonmembers without first establishing a procedure which will avoid the risk that their funds will be used, even temporarily, to finance ideological activities unrelated to collective bargaining"). We agree that the *Hudson* case should be applied retroactively. "Decisional law is generally applied 'retroactively' to past events," *Schrottman* v. *Barnicle*, 386 Mass. 627, 631 (1982), citing *Tucker* v. *Badoian*, 376 Mass. 907, 919 (1978) (Kaplan, J., concurring). However, "it is sometimes necessary to depart from the general rule of retroactivity, in order to protect the reasonable expectations of parties." *Schrottman*, *supra*. This case, however, does not warrant a departure from the general rule. See *McIntyre* v. *Associates Fin. Servs. Co. of Mass.*, 367 Mass. 708, 712 (1975) (principles that determine whether an exception to retroactivity is warranted). The *Hudson* case neither overruled settled law nor decided a question of first impression. Rather, the Supreme Court simply described the procedural requirements necessary to "protect the careful distinctions drawn in *Abood*." *Chicago Teachers Local No. 1* v. *Hudson*, *supra* at 306.

places"). The *Hudson* case, however, requires that "potential objectors" be provided with sufficient information with the agency fee demand in order to gauge its propriety. *Chicago Teachers Local No. 1* v. *Hudson, supra* at 306. Regardless of the amount or type of information that may be "available," the union cannot require a nonmember to object to the fee demand in order to receive the information justifying the fee. If the financial information is to be useful to a nonmember's decision whether to pay the fee or to challenge it, the information must come with, or prior to, the agency fee demand.[8]

The judge also found that the union's 1986-1987 demand for payment, although including "financial information which comports with the *Hudson* requirements," was invalid because "the procedures in the collective bargaining agreements . . . do not satisfy [*Hudson's*] mandate."[9] While an employee challenging the amount of the fee is not required to resort to the union's rebate procedure, *School Comm. of Greenfield* v.

---

[8] The information required to be available pursuant to c. 150E, § 14, and 456 Code Mass. Regs. § 17.03(4) is different from that required to be provided under the *Hudson* case. For example, *Hudson* requires that the union's "major categories of expenses" be listed "as well as verification by an independent auditor." *Chicago Teachers Local No. 1* v. *Hudson, supra* at 307 n.18. The information filed with the commission and "available" does not attempt to provide a nonmember with a basis for determining whether the money was spent for collective bargaining or noncollective bargaining purposes. Also, neither the statute nor the regulations require verification by an independent auditor. With regard to the union's payments to its State and national affiliates, *Hudson* requires that information show that either "none of it was used to subsidize activities for which nonmembers may not be charged, or an explanation of the share that was so used." *Id.* The information required by the regulation is limited to the disbursements made by the "bargaining agent," and therefore the nonmember receives no information regarding the use of funds by the union's State and national affiliates. The financial disclosure requirements of G. L. c. 150E, § 14, and 456 Code Mass. Regs. § 17.03, since they require the information be available for inspection by both members and nonmembers, serve a different purpose from the information required by the *Hudson* case. The union's reliance on them is misplaced.

[9] Because the judge's ruling was based on the inadequacy of the union's rebate procedure, we need not decide whether the judge was correct in' stating that the financial information included with the 1986-1987 demand met the *Hudson* requirements.

405 Mass. 56                                                    65

Harrison v. Massachusetts Society of Professors/Faculty Staff Union/MTA/NEA.

*Greenfield Educ. Ass'n, supra* at 81, he or she may want to utilize "that internal remedy as a possible means of settling the dispute." *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209, 242 (1977). The applicable statute and regulations clearly require the union to establish a rebate procedure as a precondition to collecting an agency fee,[10] and in *Hudson*, the Supreme Court noted that, in order to be constitutional, a union must provide a procedure under which an objector receives "a reasonably prompt decision by an impartial decisionmaker" regarding his or her challenge.[11] *Chicago Teachers Local No. 1* v. *Hudson, supra* at 307. Not only does the union's rebate procedure fail to provide for a "reasonably prompt decision by an impartial decisionmaker," but it is similar to the procedure we characterized in the *Greenfield* case as "not only cumbersome but designed to discourage all but the most zealous employee."[12] *School Comm. of Greenfield, supra* at 79 n.4. The union's final

[10] General Laws c. 150E, § 12, provides, in part, that "[n]o employee organization shall receive a service fee as provided herein *unless it has established a procedure* by which an employee so demanding may obtain a rebate of that part of said employee's service payment . . . " (emphasis added). The commission's regulations also contemplate an independent union rebate procedure. See 456 Code Mass. Regs. § 17.06(3)(i) (requiring that challenges to validity or amount of agency service fee contain a statement whether challenging party "has used the bargaining agent's rebate procedure and the result of that procedure"); 456 Code Mass. Regs. § 17.08 (allows commission to defer to bargaining agents rebate procedure if the procedure meets certain standards). See *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n, supra* at 81.

[11] Prior to its decision in *Hudson*, the Supreme Court had only "suggested the desirability of an internal union remedy," without ruling on the constitutional requirements of such internal remedies. *Chicago Teachers Local No. 1* v. *Hudson, supra* at 307 & n. 19.

[12] The union's rebate procedure provides, inter alia, that the union makes a preliminary determination of the percentage of its budget that is allocated to "political activity," which is defined as cost incurred for purposes set forth in 456 Code Mass. Regs. § 17.04(1). Any nonmember who objects to any portion of his or her service fee being used for "political activity" may request a rebate. Upon receiving a nonmember's objection the union places an amount equal to the proposed political activity rebate into an escrow account on the nonmember's behalf. At the end of the school year the union determines the amount actually expended on political activity and

determination of the rebate amount and its remission to an objecting employee may not even occur until up to 150 days after the school year has ended. Also, if the objecting employee chooses to pursue the union's procedure, the initial challenge is not before a neutral decision maker but rather is before the union's own executive committee. The judge correctly ruled, therefore, that the union's rebate procedure in place at the time it made its 1986-1987 agency service fee demand was constitutionally inadequate.[13]

4. *Conclusion.* Accordingly, we conclude that the constitutional nature of the plaintiffs' claim made it an appropriate case for judicial resolution and not a claim which is committed to the commission's primary jurisdiction over agency fee disputes. We also conclude that the plaintiffs were not required to join the commission as a necessary party, or to notify the Attorney General of their claim. Finally, we conclude that the judge correctly ruled that the union's demands for agency service fee payments violated the plaintiffs' constitutional rights. Thus, that portion of the order granting the plaintiffs' motion for summary judgment from which the union appealed is affirmed.

*So ordered.*

---

thus computes a final political activity rebate. The final rebate must be sent to the employee within 150 days after the end of the school year.

An employee's challenge to the amount of the final rebate is initially heard by the union's executive committee. If unsatisfied by the executive committee's decision, only then may the employee submit the matter to arbitration. Also, any arbitration proceeding must take place in Boston, regardless of the employee's residence or place of employment, and the arbitrator is bound by the union's definition of political activity. Compare *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n, supra* at 78-79 n.4.

[13] The union argues that the judge erred because: (1) he failed "to address the issue of whether the [Commonwealth's] statutory and regulatory scheme for collecting agency fees satisfies the fundamental concerns raised by *Hudson*," and (2) the commission provides nonmembers with a means for a prompt challenge before an impartial decision maker. We do not agree. The plaintiffs challenged the procedures by which the union demands and collects an agency service fee, and *not* the adequacy of either G. L. c. 150E, or the regulations promulgated thereunder. Also, the union cannot defend its procedures by pointing to independent administrative remedies. Cf. *Chicago Teachers Local No. 1* v. *Hudson, supra* at 307 n.20 ("We reject the Union's suggestion that the availability of ordinary judicial remedies is sufficient"). The constitutionality of the commission's regulations is not before us in this case.