Nickerson, Gary A., J.
The plaintiffs, William Bryant and those individuals listed in note 1, seek a declaratory judgment that language in their collective bargaining agreement (“Agreement”), which reduces educational payments to union members, is in conflict with G.L.c. 41, §108Land consequently unlawful. The Agreement contains the following language as to the plaintiffs’ educational benefits under G.L.c. 41, § 108L:
All [Officers] who qualify for educational incentives under M.G.L. Ch. 41, §108L . . . shall receive the benefit as outlined . . . The Town of Mashpee is solely responsible for their portion of the payments and that proportion of the payments that the Commonwealth of Massachusetts shall fund under M.G.L. Ch. 41, §108L. Should the Commonwealth fail to fully fund its obligation under M.G.L. Ch. 41, §108L the Town would be obligated to pay only their fifty percent share and the proportion that the Commonwealth did fund. Should the Town receive from the Commonwealth any subsequent payment for the unfunded portion in subsequent fiscal years, the Town shall provide payment to those officers who did not receive their full benefit.
Agreement Article XX, section 1-2 (emphasis added). The plaintiffs argue that the language regarding the Town’s reduction of payments based on a potential shortfall of reimbursements from the Commonwealth is unlawful. The defendant, Town of Mashpee (“Town”), has moved to join the Mashpee Police Association, Massachusetts Coalition of Police, Local 320 (“MCOP”) as a necessary party pursuant to Mass.R.Civ.P. 19(a). For the following reasons, the defendant’s motion is DENIED.
Massachusetts Rule of Civil Procedure 19(a) states:
A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) *329 as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
General Laws c. 231 A, §8 provides further guidance about parties necessary to a declaratory judgment action:
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.
The Supreme Judicial Court has indicated that if a declaratory judgment will only affect a party by binding it to a precedent on an issue of law, the party’s joinder is not necessary. See Attorney General v. Kenco Optics, Inc., 369 Mass. 412, 415 (1976) (holding that all practicing opticians in Massachusetts need not be joined to declaratory judgment suit determining whether opticians could continue to fit contact lenses to the human eye). See also Harrison v. Massachusetts Soc’y of Professional Faculty/Staff Union, 405 Mass. 56, 60 (1989) (determining that although a labor commission was “likely to be ‘interest[ed]’ in the resolution of [declaratory judgment challenging the adequacy of union’s procedures for demanding service fees from nonmembers], it [did] not have a legal interest that warrant[ed] its inclusion as a necessary party”).
The court recognizes that these Massachusetts cases do not squarely address the joinder of a union in an action brought by union members against their employer concerning the legality of language in the parties’ collective bargaining agreement. The court therefore looks to federal law discussing Fed.R.Civ.P. 19, the counterpart to Mass.R.Civ.P. 19, for guidance concerning the joinder of a union as a necessary parly. Federal cases suggest that a union is not a necessary or indispensable party if the plaintiff only challenges an employer’s obligation under a collective bargaining agreement. See Hawkins v. Allis-Chambers, 527 F.Sup. 895, 897-98 (W.D.Mo. 1981). However, where the plaintiff challenges a provision of the collective bargaining agreement that requires joint action by the employer and the union, action in absence of the union will impede its ability to protect its interest. See Kinnunen v. American Motors Corp., 56 F.R.D. 102, 103 (E.D.Wis. 1972).
Here, MCOP is a party to the collective bargaining agreement which contains the language that the plaintiffs challenge. Under the Agreement, the Town and Commonwealth, rather than MCOP, must pay educational payments to the plaintiffs and other union members. The Agreement includes language reducing the Town’s obligation to pay the amount specified by G.L.c. 41, §108Lby a possible shortfall of reimbursements from the Commonwealth. The court’s potential invalidation of this contractual language will only set a precedent that MCOP must follow. Regardless of the outcome of the declaratory judgment action, MCOP will not be required to pay educational reimbursements to plaintiffs or other union members. MCOP’s interests in administering the collective bargaining agreement, therefore, will not be impaired without its participation in this action and the plaintiffs can be accorded full relief in MCOP’s absence. As a result, the court finds that MCOP is not a necessary party to this action.

ORDER

For the reasons stated above, it is ORDERED that the defendant’s Motion to Join a Necessary Party be DENIED.