Anthony **MARTIN–TRIGONA,** Plaintiff,

v.

**D'AMATO & LYNCH, et al.,** Defendants.

No. 82 Civ. 5922(MP).

United States District Court, S.D. New York.

March 24, 1983.

**534**

Anthony Martin-Trigona, Pro Se.

D'Amato & Lynch, New York City, for defendants by Elliot Pasik and Robert E. Meshel, New York City.

### Decision and Opinion
MILTON POLLACK, District Judge:

The trial date herein was cancelled following the failure of the parties to timely present a pre-trial order pursuant to the Court's direction. Meanwhile the defendants have presented a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The claims herein are bottomed on the action of the attorneys who are named herein as defendants and who are here charged under the RICO statutes, their alleged misconduct being that they rendered legal assistance to other defendants who appear *pro se.*

For the reasons that follow, the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure will be granted since no genuine issue of triable fact has been shown.

### The Claims in this Action

Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c), (RICO), under the Fifth Amendment, and pendent claims under state law. These claims all relate to an action that Martin-Trigona commenced in the Supreme Court of the State of New York, Index No. 17604/82, against, inter alia, Blanca Belford, Ronald Belford and Richard Belford. In that State Court action, the law firm of D'Amato & Lynch represented Richard Belford, pursuant to Richard Belford's professional liability insurance policy. The other two defendants elected to appear in the action *pro se.* D'Amato & Lynch and Richard Belford provided limited legal assistance to the *pro se* defendants so that these *pro se* defendants would not need to spend significant counsel fees in an action regarded as frivolous and without merit by all the defendants. It is this limited assistance, that was provided free of charge to the *pro se* defendants, that plaintiff Martin-Trigona relies on as the basis for his suit herein.

### Plaintiff Fails to State a Claim under RICO

██ The RICO statute applies where a defendant has engaged in a pattern of racketeering activity as defined in Section 1961 and where other conditions are met. The pattern of racketeering activity must consist of two violations, within ten years, of the designated federal and state laws. Plaintiff, in an effort to satisfy this element of the statute, alleges that the actions of the defendants violated the mail fraud statute, 18 U.S.C. § 1341, the wire fraud statute, 18 U.S.C. § 1343, and the Hobbs Act, 18 U.S.C. § 1951.

Under no possible interpretation of the facts can defendants' actions in the State

Court action constitute the violation of any of the statutes that plaintiff relies on or of any other law. The limited assistance that was given to Blanca and Ronald Belford in the preparation of their pleadings in the State Court action does not constitute a scheme to defraud. In *Informal Opinion 1414, Conduct of Lawyer Who Assists Litigant Appearing Pro Se,* Amer. Bar Assoc., Comm. on Ethics and Prof. Resp., June 6, 1978, the Committee stated:

> We do not intend to suggest that a lawyer may never give advice to a litigant who is otherwise proceeding *pro se,* or that a lawyer could not, for example, prepare or assist in the preparation of a pleading for a litigant who is otherwise acting *pro se.*

Limited assistance by an attorney in preparing the pleadings for a *pro se* litigant does not constitute any form of fraud but is wholly proper. Particularly is this true where, as here, the law firm has appeared for one of the defendants in the State Court action. Plaintiff in that action could not have been misled into believing that he was not facing an attorney. Since the actions of defendants in the State Court suit did not constitute any form of fraud or scheme to defraud, they cannot support any claim that they constitute mail or wire fraud. In addition, entering default judgments for *pro se* parties also does not constitute mail or wire fraud.

Clearly, these actions do not constitute a violation of the Hobbs Act as the plaintiff makes no claim that any threat or violence was involved.

The plaintiff has failed to allege acts that constitute an underlying pattern of racketeering activity and has failed to show the existence of any racketeering enterprise. The RICO claim is accordingly in all respects dismissed.

*Plaintiff Fails to State a Claim under Federal Due Process*

■ Plaintiff's claim that the actions of the defendants violated the Fifth Amendment also lacks substance. Plaintiff's claim ignores the fundamental principle that the Fifth Amendment only con-

cerns Federal government or other official action. Thus, in *Davis v. Passman,* 442 U.S. 228, 236, n. 12, 99 S.Ct. 2264, 2272, n. 12, 60 L.Ed.2d 846 (1979), the Supreme Court emphasized that a private right of action under the Fifth Amendment exists only if the defendant is an official; in that action defendant was a United States Congressman acting in his official capacity. The actions of the defendants in the action before this Court were merely the acts of private individuals and were in no way involved with, functioned as, or supported by government action. They cannot support a claim under the Fifth Amendment. *See Public Utilities Comm. v. Pollak,* 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952).

In addition, as a party does not have any right, and certainly not any constitutional right, to prevent attorneys from offering limited assistance to *pro se* defendants, the defendants' actions, even if they were not simply private actions, would not violate the Fifth Amendment of the Constitution. Plaintiff was not deprived of "life, liberty or property." This claim is therefore frivolous and is dismissed.

*Plaintiff's Pendent State Law Claims Are Dismissed*

There being no sufficient federal claims asserted herein, the pendent state law claims will also be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1965).

There being no legal basis for this suit, the additional motions presented by the plaintiff are rendered moot.

SO ORDERED.