Butler, J.
This matter is before the court on the Motions to Dismiss of defendants Department of Environmental Protection (DEP) and Edwin J. Furman (Furman). Both defendants argue that the plaintiffs have failed to state a claim upon which relief may be granted, Mass. R. Civ. P. 12(b)(6), and DEP also argues lack of subject matter jurisdiction, Mass. R. Civ. P. 12(b)(1). The plaintiffs oppose these motions and have requested summary judgment on Count One of the Complaint.[1] For the following reasons the defendants’ motions are allowed in part.
BACKGROUND
- The plaintiffs own a piece of land located at 58 Northern Boulevard, Newbury, Massachusetts. On April 29, 1993, pursuant to the Wetlands Protection Act, G.L. c. 131, §40, the plaintiffs filed with the Newbury Conservation Commission (Commission) a Notice of Intent to construct a single family dwelling, septic system and well on the property. On July 27, 1993, following several public hearings and a site visit, the Commission issued an Order of Conditions for the construction. DEP did not appeal the Order of Conditions, nor did it issue any superseding order of determination within seventy days. The plaintiffs have obtained all required permits and entered into a number of contracts for the construction of a single family house.
Subsequent to the issuance of the Order of Conditions, Furman (who owns property near to, but not abutting the plaintiff) filed a request with DEP for a Superseding Order of Conditions. On January 11, *322 1994, DEP dismissed Furman’s request because he failed to forward a copy of his request to the plaintiffs in accordance with 310 Code Mass. Regs. 10.05(7)(d). Furman’s request also failed to contain a clear and concise description of his objection to the Commission’s Order of Conditions.
On January 13, 1994, Furman filed a letter with DEP requesting an adjudicatory hearing. On March 22, 1994, DEP sent the plaintiffs a letter notifying them that no work subject to the jurisdiction of the Wetlands Protection Act could take place until Furman’s appeal was resolved. On March 24, 1994, the plaintiffs filed with DEP an Emergency Motion to Dismiss Mr. Furman’s request for an Adjudicatory Hearing and Emergency Motion to Vacate Erroneous Stopwork Order and/or Enforcement Order. Furman’s request for an adjudicatory hearing and the plaintiffs’ Motion to Dismiss it are still pending before DEP.
DISCUSSION
A.Count One
In Count One the plaintiffs seek a declaratory judgment that DEP has no subject matter jurisdiction over the request for an adjudicatory hearing or to issue a stop work order.[2] Furman and DEP both seek to dismiss this count on the ground that the plaintiffs have failed to exhaust their administrative remedies and that a decision by DEP on the pending motions may moot the plaintiffs’ claim. The plaintiffs counter that there is no legitimate proceeding pending before DEP and, therefore, they are allowed to seek redress in the court system.
Courts should require parties first to adhere to the administrative process before extending judicial review, otherwise they “would be in the position of reviewing administrative proceedings in a piecemeal fashion . . . and thus departing from the usual appellate practice of reviewing only final, and not interlocutory decrees.” Gill v. Board of Registration of Psychologists, 399 Mass. 724, 727 (1987). ‘To permit judicial interference with the orderly administration by the commission of matters entrusted to it by the Legislature . . . before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to the commission, and would result in the substitution of the judgment of the court for the commission. Courts must be careful not to invade the province of an administrative board. The instances are rare where circumstances will require such interference.” Saint Luke's Hospital v. Labor Relations Comm’n., 320 Mass.467, 470 (1946). In addition, “[a] proceeding for declaratory relief in itself does not operate to suspend the ordinary requirement that a plaintiff exhaust his administrative remedies before seeking judicial relief.” East Chop Tennis Club v. Massachusetts Commission Against Discrimination 364 Mass. 444, 450 (1973).
In the present action, the plaintiffs must follow first the administrative process of attending DEP’s adjudicatory proceeding and exhaust their administrative appeals before attaining judicial review. In addition, the plaintiffs’ argument that DEP lacks the authority and jurisdiction to hold such an adjudicatory proceeding are unpersuasive. “Where the contention is that the board is acting beyond its jurisdiction, the board should have an opportunity to ascertain the facts and decide the question for itself.” Saint Luke’s Hospital, supra at 470. Accordingly, whether or not Furman has properly pursued his action with DEP and whether or not DEP has jurisdiction over the motions which are currently before it are questions DEP is entitled to decide first for itself. If DEP exercises jurisdiction over the matter, a decision adverse to the plaintiffs may always then be appealed to the court, while a decision in favor of the plaintiffs would render this claim moot.[3] The defendants’ motions to dismiss Count One are allowed without prejudice.
B.Count Two
In Count Two of the Complaint, the plaintiffs allege that the defendants intentionally interfered with the plaintiffs’ contractual and advantageous relations. With the enactment of the Massachusetts Tort Claims Act, G.L. c. 258, the Commonwealth waived its immunity from suit in certain types of actions. However, the statute specifically excluded from this waiver “any claim arising out of an intentional tort, including . . . interference with advantageous relations or interference with contractual relations.” G.L. c. 258, §10(c). Accordingly, this claim is dismissed as to DEP.
Count Two alleges that Furman filed his request for an adjudicatory hearing in bad faith, with full knowledge of the plaintiffs’ financial obligations and with the express intent of “denying” (the quotation is the plaintiffs’) the project and significantly increasing its cost to the plaintiffs. Furman argues he is only pursuing his lawful rights and that he cannot be liable in tort for doing so. However, if his pursuit of his action with DEP has an improper motive or means in the case of the contractual claim or had a malicious motive in the case of the advantageous relations claim, as plaintiffs allege, he could still be found liable. See G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 273 (1991); ELM Medical Laboratory, Inc. v. RKO General, Inc., 403 Mass. 779, 787 (1989). Furman’s motion to dismiss this count is denied.
C.Constitutional Claims
In Counts Three through Six, the plaintiffs allege a number of constitutional violations, both State and Federal, against DEP and Furman. Count Five also includes a claim under 42 U.S.C. §1983 and, although not labeled as such, can be fairly read to contain a claim against DEP under the Massachusetts Civil Rights Act, G.L. c. 12, §11 H and 111 (MCRA).
1. Furman: Federal Claims
“(T]he Fourteenth Amendment . . . applies to acts of the states, not to acts of private persons or entities.” Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). Likewise, the Fifth Amendment applies only to actions *323 by government officials, not private individuals. See Davis v. Passman, 442 U.S. 228, 236 n.12 (1979); Martin-Trigona v. D’Amato & Lynch, 559 F.Supp. 533, 535 (SDNY 1983). In addition, 42 U.S.C. §1983 requires state action. Rendell-Baker, supraat 837-38. As Furman is an individual whose actions are in no way attributable to the state, his motion to dismiss is allowed as to Counts Three and Six[4] and is allowed as to Count Five to the extent it alleges violations of Due Process rights under the United States Constitution and 42 U.S.C. §1983.
2. Furman: State Claims
Count Four alleges that Furman violated Article 10 of the Massachusetts Declaration of Rights by “knowingly filling] a frivolous request for an adjudicatory hearing in order to deny the project and did in fact stop plaintiffs’ project.” The plaintiffs then request in this count that Furman, as well as DEP, be ordered to compensate the plaintiffs “for the temporary and/or permanent loss of all their property rights.”
Count Five begins with allegations against DEP that the stop work order issued on the project constituted “threats, intimidation and coercion.” The only allegation against Furman contained in this count is that his failure to give plaintiffs “any notice of his invalid request for a superseding order of conditions and his requesting both Newbury and DEP to issue unlawful stop work orders has and is continuing to violate plaintiffs’ due process rights.” Without more, the allegations of Counts Four and Five fail to state a claim against an individual for violation of Article 10 or any due process rights under the Massachusetts Constitution. See Bell v. Mazza, 394 Mass. 176 (1985). Accordingly, defendant Furman’s motion to dismiss is allowed as to the state constitutional claims.
3. Department of Environmental Protection
Counts Three and Four allege that DEP violated the Fifth and Fourteenth Amendment to the United States Constitution and Article 10 of the Massachusetts Declaration of Rights by its temporary and/or permanent taking of the plaintiffs’ property rights without just compensation, as well as their procedural due process rights. “[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.” Williamson County Regional Planning Comm’n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985). As discussed previously, DEP has yet to take any final action on this matter and, therefore, these claims are not ripe and are dismissed without prejudice.
Count Five alleges DEP violated plaintiffs’ procedural and/or substantive due process rights under the State and Federal Constitutions. It also alleges a violation of 42 U.S.C. §1983 and MCRA. Count Six alleges a violation of equal protection under the Fourteenth Amendment. As with Counts Three and Four, the procedural due process claims are not yet ripe. However, the claims for violation of substantive due process rights and equal protection violations are not subject to the ripeness doctrine. See P.L.S. Partners, Women’s Medical Center of Rhode Island, Inc. v. City of Cranston, 696 F.Supp. 788, 794-96 (D.R.1.1988); Smithfield Concerned Citizens v. Town of Smithpeld, 907 F.2d 239, 241-43 (1st Cir. 1990). Therefore the procedural due process claims in Count Five are dismissed without prejudice, while the motion to dismiss the substantive due process claims and equal protection claims are denied.
The state is not a “person” within the meaning of 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989). Similarly, “the Commonwealth is not a ‘person’ for the purposes of [G.L.] c. 12, §§11H and 1II.” Commonwealth v. ELM Medical Laboratories, Inc., 33 Mass. App. Ct. 71, 76 (1992). Accordingly, the claims in Count Five under §1983 and MCRA are dismissed as to DEP.
E. Count Seven
Count Seven alleges intentional infliction of emotional distress on the part of Furman. Intentional infliction of emotional distress occurs where a person, without privilege to do so, by extreme and outrageous conduct intentionally causes severe emotional distress to another. Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). As all these elements are alleged in the complaint, the motion to dismiss is denied on this count.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Edward J. Furman’s motion to dismiss is disposed of as follows:
A. The motion is ALLOWED without prejudice on Count One.
B. The motion is ALLOWED with prejudice on Counts Three, Four, Five and Six.
C. The motion is DENIED on Counts Two and Seven.
Further, it is hereby ORDERED that the motion to dismiss of Department of Environmental Protection is disposed of as follows:
A. The motion is ALLOWED without prejudice on Counts One, Three, Four, Six and on Count Five’s procedural due process claims.
B. The motion is ALLOWED on Count Two and on Count Five’s claims pursuant to 42 U.S.C. §1983 and the Massachusetts Civil Rights Act.
C. The motion is DENIED on Count Five’s substantive due process claims and Count Six.

 The plaintiffs’ motion to file a Second Amended Complaint was allowed on September 26, 1994 as the parties agreed that the previously filed motions to dismiss the First Amended Complaint could be addressed to the Second Amended Complaint. Accordingly, the term “Complaint” in this decision refers to the Second Amended Complaint.

 Count One also requests a preliminary and permanent injunction prohibiting DEP from taking any further action on Furman’s request for an adjudicatory hearing and prohibiting DEP from taking any enforcement action for any work performed by the plaintiffs in accordance with the Newbury order of Conditions or any other lawful activity on the property in question. In the alternative, the plaintiffs requested that DEP and Furman be required to post a bond. These requests were denied on April 4, 1994.

 The Court notes that it has been repeatedly assured by counsel for DEP that a decision on this matter, which was filed over six months ago, will be issued shortly.

 Count Six, alleging denial of equal protection, appears to address only DEP, but to the extent that it may be read as including Furman, it is dismissed.