ROBERT W. FELDSTEIN *vs.* BOARD OF REGISTRATION
IN MEDICINE.

Middlesex.  May 5, 1982. — August 31, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Board of Registration in Medicine.  Doctor,* License to practice medicine.

The Board of Registration in Medicine acted within its discretion under
G. L. c. 112, § 5 (g), in revoking the medical license of a physician
who had pleaded guilty to charges of making false representations to
the Department of Public Welfare in order to procure payments under
the Medicaid program, and the board was not bound by the recom-
mendation of its hearing officer that no administrative sanctions be
imposed.  [340-341]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 2, 1981.

After transfer to the Supreme Judicial Court for the coun-
ty of Suffolk, the case was reported by *Lynch, J.*

*Joel Z. Eigerman* for the plaintiff.

*Leah S. Crothers,* Assistant Attorney General (*Ellen L.
Janos,* Assistant Attorney General, with her) for the defend-
ant.

NOLAN, J.  The narrow issue posed in this case is whether
the defendant Board of Registration in Medicine (Board)
abused its discretion in revoking Robert W. Feldstein's li-
cense to practice medicine, after Feldstein pleaded guilty to
ten counts of making false representations to the Depart-
ment of Public Welfare for the purpose of extracting pay-
ments under the Medicaid program.  There was no error.

From findings of fact made by the Board, we learn that
Feldstein was born in Cairo, Egypt, and attended medical
school in Lyons, France.  He came to the United States in
1958 and passed his board examinations in general medicine
in 1961.  He was employed as a physician at Metropolitan

State Hospital between 1961 and 1979. He started developing a private practice about 1966, and it consisted almost entirely of treatment of nursing home patients. On November 14, 1979, he was indicted in ten counts under G. L. c. 18, § 5B, for making false representations to the Department of Public Welfare, on order to procure payments under the Medicaid program. These violations are sometimes characterized as "double billing." He was also indicted for larceny under G. L. c. 266, § 30. To the indictment charging violations of G. L. c. 18, § 5B, which are misdemeanors, he pleaded guilty. He was given a one-year suspended sentence to a house of correction, fined $5,000, and placed on probation for two years. The case involving the indictment for larceny, to which he entered a plea of not guilty, was continued without a finding for eighteen months on oral motion of the Commonwealth, and he was ordered to make restitution in the amount of $2,200 to the Department of Public Welfare.

As a result of his criminal conviction the Board, on February 5, 1981, served on Feldstein a notice to show cause why his license should not be revoked. The matter was referred to a hearing officer who filed a decision in which she recommended no further sanctions. The Board did not accept such recommendation and on November 18, 1981, issued an order revoking Feldstein's license to practice medicine in Massachusetts. Feldstein then filed a complaint in the Superior Court for judicial review of the Board's action under G. L. c. 30A, § 14.[1] A petition under G. L. c. 211, § 4A, to transfer the case to the county court was allowed, and on a joint motion a single justice of this court reserved and reported to the full court Feldstein's petition for judicial review and the issues raised therein.

Feldstein's arguments can be fairly summarized in the proposition that the Board abused its discretion in revoking his license because the hearing officer recommended no further sanctions, and because his convictions did not show

[1] The complaint should have been entered in this court. G. L. c. 112, § 64.

him to be a danger to the public health, safety, and welfare in his practice of medicine.

The Board has the authority to revoke, suspend, or cancel the certificate of registration of a physician who "has been convicted of a criminal offense which reasonably calls into question his ability to practice medicine." G. L. c. 112, § 5 (*g*), as appearing in St. 1977, c. 165. In *Levy* v. *Board of Registration & Discipline in Medicine,* 378 Mass. 519 (1979), the court held that the Board had authority to revoke the license, following pleas of guilty, of a physician who had been convicted of grand larceny from the Department of Public Welfare and of submitting false data to the Rate Setting Commission. Levy argued, as does Feldstein, that his convictions were not directly related to the practice of medicine but we rejected this argument. Feldstein asks us to recognize a dichotomy between his practice of medicine and his financial manipulations. We are not so inclined because Feldstein's criminal acts of "double billing" arose out of the practice of medicine. See G. L. c. 112, § 5 (*b*), as amended. In *Levy,* we recognized the financial implications in the practice of medicine: "The practice of modern medicine involves financial management, as well as the care and treatment of patients." *Id.* at 526.

A subsidiary argument advanced by Feldstein stresses the findings and recommendation of the hearing officer. However, Feldstein ignores the inescapable findings of the hearing officer regarding his convictions. The Board is not bound by the recommendation. The substantial evidence test of G. L. c. 30A, § 14(7) (*e*), is clearly met with respect to the findings. It belongs to the Board to impose the sanction within its discretion. We shall not interfere with its reasonable exercise of discretion except in the most extraordinary case, and this is not such a case. *Levy, id.* at 528-529.

There is no more merit to Feldstein's argument that that Board's action is penal than there is to his other arguments. The purpose of a disciplinary proceeding is protection of the public, not retribution, and the shame and the disgrace suffered by the professional person who is disciplined do not

render the proceedings and the sanctions penal. *Arthurs* v. *Board of Registration in Medicine,* 383 Mass. 299, 317 (1981).

In all, the rights of Feldstein were fully protected and he has failed to demonstrate any error. Judgment shall be entered affirming the decision of the Board revoking Robert W. Feldstein's license to practice medicine.

*So ordered.*