BURTON A. WAISBREN, JR. *vs.* BOARD OF REGISTRATION IN
MEDICINE.

Suffolk. September 9, 1994. - November 8, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Board of Registration in Medicine. Doctor*, License to practice medicine.

The action of the Board of Registration in Medicine in revoking, for gross
    misconduct, a physician's license to practice medicine was within its
    discretion and the record did not support the claim that the board
    failed to consider the asserted mitigating factor, the physician's mental
    illness, when considering the appropriate sanction. [758-759]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on October 22, 1993.

The case was reported by *Nolan*, J.

*David W. Rifkin* for the petitioner.

*Rebecca P. McIntyre*, Assistant Attorney General, for the
respondent.

*Dustin Deissner*, of Washington, for National Alliance for
the Mentally Ill, amicus curiae, submitted a brief.

LYNCH, J. The petitioner, Burton A. Waisbren, Jr., sought
judicial review before a single justice of this court of the de-
cision of the Board of Registration in Medicine (board), re-
voking his license to practice medicine in the Common-
wealth. The single justice, pursuant to G. L. c. 112, § 64
(1992 ed.), reserved and reported the case to the full court
without decision. The board found that the petitioner's ac-
tions were grossly negligent and constituted gross misconduct
in violation of G. L. c. 112, § 5 (*c*) (1992 ed.).

The petitioner claims: (1) the board's decision was arbi-
trary and capricious since it failed to consider, as a mitigat-
ing factor, the finding of an administrative magistrate of the
Division of Administrative Law Appeals (division) that the

petitioner suffered from a bipolar disorder which affected his behavior as a physician; (2) the board exceeded its authority by substituting its conclusions for those of the administrative magistrate without substantial support in the record; and (3) the board's revocation of his license was an abuse of discretion. We conclude that the decision of the board should be affirmed.

In November, 1991, the board issued a statement of allegations against the petitioner alleging misconduct, including issuing inappropriate prescriptions for medication designed to induce weight loss, performing human immunodeficiency virus (HIV) testing without first obtaining the necessary informed consent of his patients, and misinterpreting HIV test results. After complaint counsel moved before the board for summary suspension of the petitioner's license, the petitioner agreed to cease practicing medicine during the pendency of the adjudicatory proceeding. The board referred the matter to an administrative magistrate of the division to make recommended findings of fact and conclusions of law only. The petitioner filed his response to the board's statement of allegations in February, 1992, claiming that he had been suffering from an undiagnosed, and therefore, untreated mental illness at the time of the alleged misconduct. The petitioner added that his illness was currently being treated with lithium carbonate, and requested that the board allow him to return to the practice of medicine in a supervised environment.

The parties then stipulated that the petitioner indeed had been suffering from a mental illness, namely a form of bipolar disorder, and that this disorder affected his conduct as a physician. However, the parties also stipulated that the petitioner committed gross misconduct in the practice of medicine in violation of G. L. c. 112, § 5 (*c*). Based on the parties' stipulations and the other evidence presented during the administrative hearings, the administrative magistrate recommended that the petitioner be allowed to return to the practice of medicine in a supervised environment.

The board adopted the administrative magistrate's recommended findings of fact and conclusions of law; however, the board did not adopt the decision's recommended sanction. Instead the board revoked the petitioner's license but reduced the time within which he could apply for reinstatement.

The essence of the petitioner's argument is that the board exceeded its authority in revoking his license because the board failed to take into account his mental illness as a mitigating factor, and disregarded the lesser sanction recommended by the administrative magistrate.

At the outset we note that the petitioner's claim that the board did not consider his mental illness as a mitigating factor is not supported by the record. The board's final decision and order recognizes that the petitioner suffers from psychiatric problems which may have affected his behavior as a physician. Furthermore, the board recognized that the petitioner demonstrated a commitment to seek treatment for his illness. In view of the extensive testimony by clinical practitioners that the petitioner's psychiatric problems contributed substantially to his conduct, the board stated that, notwithstanding the five-year period specified in 243 Code Mass. Regs. § 1.05 (3) (b) (1993), it would be willing to consider a petition for reinstatement as early as December, 1994. Therefore, it is clear that the board viewed the petitioner's illness to be a mitigating factor when considering the appropriate sanction.

The petitioner's subsidiary argument stresses the sanction suggested by the administrative magistrate, recommending that he be allowed to return to the practice of medicine under monitored conditions. However, the petitioner stipulated that his behavior constituted gross misconduct in the practice of medicine in violation of G. L. c. 112, § 5 (c). That statute gives the board broad latitude in shaping appropriate sanctions in each case. *Kvitka* v. *Board of Registration in Medicine*, 407 Mass. 140, 143 (1990). Furthermore, the board is not bound by the administrative magistrate's recommendation; it belongs to the board to impose the sanction within its discretion. *Feldstein* v. *Board of Registration*

*in Medicine*, 387 Mass. 339, 341 (1982). Of course, any sanctions actually imposed are subject to judicial review for an abuse of discretion. G. L. c. 112, § 64. See G. L. c. 30A, § 14 (1992 ed.).

In the instant case, the board concluded that the petitioner's conduct deviated from accepted standards of medical practice and constituted a grave betrayal of his responsibility as a physician. Even after considering the mitigating effect of the petitioner's bipolar disorder, the board held that it was in the public's best interest that the petitioner's license to practice medicine be revoked. We shall not interfere with the board's reasonable exercise of its discretion. See *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 528-529 (1979).

We conclude that the board's decision was well within its discretionary powers. Judgment shall be entered affirming the decision of the board revoking the petitioner's license to practice medicine.

*So ordered.*