Doerfer, J.
INTRODUCTION
The plaintiff, Doctor Ronald A. Goldstein (“Goldst-ein”), brought this action seeking declaratory and injunctive relief in connection with disciplinary actions currently pending before the defendant, Board of Registration of Chiropractors (the “Board”) against the plaintiff. Plaintiff seeks a preliminary injunction, based on violations of G.L.c. 13, §64 and 801 Code Mass. Regs. §1.01(6)(a)-(d), enjoining the Board from pursuing its disciplinary proceedings against him, from soliciting further information from current or former patients, from pursuing any subsequent disciplinary action which relies on information solicited from former or current patients, and from seeking discovery from plaintiff in the pending disciplinary action. For the reasons that follow, the plaintiffs requests for injunctive relief are denied and the defendant’s motion to dismiss is allowed.
BACKGROUND
In June, 1994, the Board received information indicating that Dr. Goldstein had been indicted by a grand jury in Middlesex County on criminal charges alleging indecent assault and battery upon former female patients. Between January 1, 1995, and February 28, 1995, the Board docketed six complaints from Goldstein’s former patients alleging sexual misconduct by the plaintiff. After receiving these claims, the Board issued an order to show cause to the plaintiff and initiated an investigation into the facts underlying the indictment and the complaints. All criminal charges were later dismissed.
Goldstein filed three motions to dismiss which were each denied by the Board. The plaintiff now moves this court to enjoin the Board, in connection with its alleged G.L.c. 13, §64 and 801 Code Mass. Regs. §1.01(6)(a)-(d) violations, from further pursuing disciplinary action against the plaintiff, from “soliciting” complaints from prior or current patients of the plaintiff, and from using information previously obtained by past “solicitations" of Goldstein’s patients.
In support, plaintiff contends that the Board acted beyond its scope of authority provided by G.L.c. 13, §64 and 801 Code Mass. Regs. §1.01(6)(a)-(d) by deliberately soliciting complaints from Goldstein’s patients. The plaintiff also argues that the Board committed procedural errors in initiating its proceeding in violation of 801 Code Mass. Regs. §1.01(6)(a)-(d) and due process. Furthermore, the plaintiff claims that without injunctive relief, he will suffer irreparable injury as a result of public humiliation, oppressive discovery demands, and monies paid in attorneys fees. The Board contends that the plaintiff has failed to properly exhaust his administrative remedies, and that even if administrative avenues were exhausted, this court is *186 without proper subject matter jurisdiction to hear such issues.
DISCUSSION
In order to be eligible for preliminary injunctive relief, Goldstein must establish a substantial likelihood of success on the merits, as well as a substantial risk of irreparable harm should such relief not be granted. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).
The Supreme Judicial Court has “long followed the rule that [i]n the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts.” East Chop Tennis Club v. Massachusetts Comm’n Against Discrimination, 364 Mass. 444, 448 (1973), quoting Gordon v. Hardware Mut. Cas. Co., 361 Mass. 582, 587 (1972), and cases cited.
In Gill v. Bd. of Registration of Psychologists, a psychologist sought injunctive and declaratory relief from the Supreme Judicial Court in the middle of pending administrative proceedings. Gill v. Bd. of Registration of Psychologists, 399 Mass. 724, 726 (1987). The plaintiff sought to enjoin a licensing board from proceeding with disciplinary proceedings against him. In filing his complaint with the Court, the plaintiff contested the board’s jurisdictional authority to proceed with his case. Id.
The Supreme Judicial Court ruled that the plaintiff must first submit his jurisdictional argument to the board. The Court further stated that it is within the administrative board’s province to determine whether it exercised proper jurisdiction. ‘To permit judicial interference with the orderly administration by the [board] of matters entrusted to it by the Legislature before it has commenced to exercise its authority in any particular case or before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to the [board], and would result in the substitution of the judgment of the court for that of the [board].” Gill, 399 Mass. at 726, quoting Saint Luke’s Hosp. v. Labor Relations Comm’n, 320 Mass. 467, 470 (1946). “[A]llowing the administrative process to run its course before permitting full appellate review gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing.” Gill, 399 Mass. at 727, quoting Assuncao’s case, 372 Mass. 6, 8 (1977).
Although there are exceptions to the requirement of exhausting administrative remedies, they are not applicable here. “Only where the board fails to insist on determining the jurisdictional question, submits all material facts to the court ‘leaving open only the question of law,’ and the facts clearly indicate that the board lacks jurisdiction, may a party disrupt the administrative proceedings and petition the court to restrain further action.” Gill, 399 Mass. at 728, quoting Saint Luke’s Hosp. 320 Mass. at 470. The Board in the present case has not submitted the jurisdictional issue to the court. Furthermore, the Board, in these proceedings, claimed its right to determine this issue in the first instance.
The plaintiffs request for declaratory relief also fails to invoke the jurisdictional reach of the courts. “[I]t is clear from East Chop Tennis Club . . ., that ‘[a] proceeding for declaratory judgment in itself does not operate to suspend the ordinary requirements that a plaintiff exhaust his administrative remedies before seeking judicial relief.’ ” Gill, 399 Mass. at 728, quoting East Chop Tennis Club, 364 Mass. at 450.
In the present case, the plaintiff claims he is entitled to injunctive relief because the Board exceeded its boundaries and committed procedural errors in pursing an investigation against him. The record clearly demonstrates that the Board proceedings have not concluded. By seeking judicial relief prior to the issuance of a final order or decision by the administrative Board, Goldstein failed to exhaust the available administrative remedies.
Furthermore, as the defendant contends, even if the plaintiff had exhausted his administrative remedies, his petition for judicial review of a board decision must be placed with the Supreme Judicial Court, pursuant to G.L.c. 112, §64, and not Superior Court. The Superior Court has “original jurisdiction of all civil actions except those of which other courts have exclusive orig-inaljurisdiction." G.L.c. 212, §4 (emphasis added). The Supreme Judicial Court, in accordance with G.L.c. 112, §64, clearly has exclusive original jurisdiction in cases of judicial review of disciplinary decisions by boards of occupational and professional licensure. See e.g., Camoscio v. Bd. of Registration in Podiatry, 385 Mass. 1002, 1003 (1982). Thus, even if Goldstein had exhausted his available administrative remedies, the case is improperly submitted to the Superior Court which lacks subject matter jurisdiction to hear the matter.
Given that Goldstein has sought judicial relief prematurely and in the improper forum, the plaintiff has no likelihood of success on the merits of this action. Thus, he is not entitled to preliminary injunctive relief. Furthermore, because the plaintiff has no likelihood of success on the merits, the defendant’s motion to dismiss is allowed.
ORDER
For the foregoing reasons, the Plaintiff Doctor Ronald A. Goldstein’s Request for Injunctive Relief is DENIED, and the Defendant Board of Registration of Chiropractors’ Motion to Dismiss is ALLOWED.