Agnes, A.J.
BACKGROUND
The plaintiff Andrea M. Hilse has filed a complaint in which she seeks judicial review of a decision by the defendant Board of Registration in Pharmacy (hereafter, “the Board”) to suspend her license to practice as a pharmacist for a minimum one-year period as a result of violations of applicable record-keeping and inventory control regulations under state and federal law. The decision of the Board was made following an adjudicatory hearing that took place on June 30, 1999. On July 24, 2000, the Board issued its decision which is based in part on a finding that an audit of the Kmart pharmacy where the plaintiff worked as Manager of Record in January 1998 revealed a large loss (several thousands of tablets) of schedule III controlled substances. The Board described the missing items as *83 "drugs with a high potential and rate of abuse, psychological dependency and diversion.” Opposition to Plaintiffs Motion for Preliminary Injunction (hereafter, "Opposition”) exhibit A, paragraphs 22-24. See G.L.c. 94C, §3.
The Board acknowledged that there is no direct evidence that the plaintiff diverted or stole the drugs in question and that numerous other people had access to the pharmacy department of the store.[1] But on the basis of the evidence and the requirements of the applicable regulations, the Board did fault and discipline the plaintiff for failing to meet her responsibilities to maintain adequate security and record-keeping at the Pharmacy. See Strasnick v. Board of Registration in Pharmacy, 408 Mass. 654, 666-67 (1990) (describing the “close regulation” of a pharmacy’s manager by the Board of Registration in Pharmacy in the interest of promoting the public health and welfare).
The plaintiff seeks a preliminary injunction to stay the Board's order of suspension until such time as an appeal may be heard on grounds that the one-year suspension is clearly excessive, and that the plaintiff, who is unable to work in her profession and is under severe financial distress, will suffer irreparable harm if she must serve out the suspension while pursuing judicial review of the Board’s decision.
DISCUSSION
It is the position of the Attorney General, on behalf of the Board, that there is a jurisdictional bar to the relief requested by the plaintiff. Alternatively, the Attorney General argues that G.L.c. 112, §64, by its own terms, prohibits a court from staying an order of suspension in a case such as this. The first question is whether the Superior Court has jurisdiction to entertain a request for equitable relief and to engage in judicial review of the disciplinary action taken by the Board. G.L.c. 112, §64 provides that “(t)he supreme judicial court, upon petition of a person whose certificate, registration, license or authority has been suspended, revoked or cancelled, may enter a decree revising or reversing the decision of the board, in accordance with the standards for review provided in paragraph (8)[2] of section fourteen of chapter thirty-A; but prior to the entry of such decree no order shall be made or entered by the court to stay or supersede any suspension, revocation or cancellation of any such certificate, registration, license or authority.” Since there is no reference to the Superior Court in §64, jurisdiction must be found elsewhere before this court may entertain the plaintiffs request for a preliminary injunction.
G.L.c. 212, §4, provides that the Superior Court "shall have original jurisdiction of all civil actions except those of which other courts have exclusive jurisdiction.” The fact that the legislature has used the term “exclusive” in statutes which grant exclusive jurisdiction to a court, e.g., G.L.c. 214, §1 (granting to the Superior Court “exclusive original jurisdiction" in connection with cases arising out of labor disputes), but did not use the term m §64, might be understood to mean that the reference to the Supreme Judicial Court in G.L.c. 112, §64 was not intended to be a grant of exclusive jurisdiction.
However, in Camoscio v. Board of Registration in Podiatry, 385 Mass. 1002 (1982) (rescript), the full court interpreted §64 as a grant of exclusive jurisdiction to the Supreme Judicial Court. The court specifically stated that the plaintiff incorrectly had filed a petition in the Superior Court. Accord, Gurry v. Board of Public Accountancy, 394 Mass. 118, 119 n.1 (1985); Goldstein v. Board of Registration of Chiropractors, 4 Mass. L. Rptr. 185, 1995 WL 517549 *3 (Mass. Superior Court) (6/27/95) (Doerfer, JJ. See also G.L.c. 213, § 1A (“Unless otherwise specifically provided, the superior court shall have original jurisdiction, concurrently with the supreme judicial court, of all. . . cases ... of which the supreme judicial court has jurisdiction”) (emphasis added); G.L.c. 214, §2 (“The supreme judicial court shall have original and exclusive jurisdiction of all civil actions in which equitable relief is sought cognizable under any statute and not within the jurisdiction conferred by section one . . .”) (emphasis added).
The plaintiff points to the reference in G.L.c. 112, §64, to the state Administrative Procedure Act, which provides, in part, that “(p)roceedings for judicial review of an agency decision shall be instituted in the superior court." G.L.c. 30A, §14(7)(1). However, prior to the reference to the superior court, that statute also provides that “(w]here a statutory form of judicial review or appeal is provided, such statutory form shall govern in all respects except as to standards of review.” G.L.c. 30A, §14. According to the late, distinguished Professor Celia, G.L.c. 112, §64, “which had been in existence long before the adoption of the Massachusetts Administrative Procedure Act, and which provided a statutory form of judicial review of such disciplinary decisions by the board of registration, continues to provide the exclusive means for securing judicial review. Accordingly, the Superior Court has no jurisdiction to entertain an action for judicial review of the disciplinary decision of boards of registration under G.L.c. 30A, §T4, nor an action for such judicial review under G.L.c. 112, §64.” A. Celia, Administrative Law and Practice §875 at 267 n. 4 (39 Mass. Prac. 1986).
The observation in the Gurry case is consistent with the practice in which judicial review in cases such as this is sought initially by filing a complaint in the Supreme Judicial Court for Suffolk County and asking a single justice for relief. See, e.g., Sears v. Board of Registration of Chiropractors, 425 Mass. 1011 (1997) (rescript); Herridge v. Board of Registration in Medicine, 420 Mass. 154 (1995); Daniels v. Board of Registration in Medicine, 418 Mass. 380 (1994); Weiner v. Board of Registration of Psychologists, 416 Mass. 675 *84 (1993); Waisbren v. Board of Registration in Medicine, 418 Mass. 756 (1994); Strasnick v. Board of Registration in Pharmacy, supra. The fact that some cases originally filed in the Superior Court have been transferred to the Supreme Judicial Court under G.L.c. 211, §4A only serves to confirm the view expressed by this court in Goldstein, supra and by Professor Celia in his treatise on Administrative Law. See, e.g., Feldstein v. Board of Registration in Medicine, 387 Mass. 339, 340 n. 1 (1982); Camoscio v. Board of Registration in Podiatry, 385 Mass. 1212 (1982) (rescript); Arthurs v. Board of Registration in Medicine, 383 Mass. 299 (1981).
ORDER
For the reasons stated, this court is without jurisdiction to entertain a complaint seeking judicial review or equitable relief from a decision of the Board of Registration in Pharmacy. Such matters must, at least initially, be brought before the Supreme Judicial Court. Accordingly, the complaint is hereby DISMISSED without prejudice.

The case is unusual because the plaintiffs husband, who also is a pharmacist, acknowledged to investigators that in 1996 he had diverted controlled substances (a painkiller known as “vicodin") for the plaintiff until she could fill a prescription. Furthermore, the plaintiff suffers from medical conditions that are treated with some of the same kinds of medications as those missing from the Kmart pharmacy. Opposition, exhibit A at 11.

The legislative services indicate that the reference to section (8) is an error and the correct reference should be to G.L.c. 30A, §14(7).