B. P. W. Plastics Corp. *vs.* Massachusetts Electric Company. October 28, 1977. This is an appeal from a judgment entered in a Probate Court restraining the defendant electric company from terminating the plaintiff's electrical service "until there has been a determination of the amount owed by the plaintiff to the defendant" in a pending Superior Court proceeding. Relying on the language in *Cambridge Elec. Light Co.* v. *Department of Pub. Util.,* 363 Mass. 474, 496 (1973), the plaintiff argued, and the probate judge agreed, that there is a dispute over the amount owed and thus that the bill is not "due" for purposes of termination. The defendant contends on appeal that the Probate Court had no jurisdiction to issue the injunction and that the probate judge's findings of fact and conclusions of law were not warranted by the evidence. 1. As G. L. c. 164, § 94, as amended through St. 1973, c. 816, §§ 2 and 3, gives the Department of Public Utilities (D.P.U.) the authority to set utility rates, with the right of review in the Supreme Judicial Court (G. L. c. 25, § 5), the Probate Court and the Superior Court have no jurisdiction to determine the propriety of the rates. See *Boston* v. *Edison Elec. Illuminating Co.,* 242 Mass. 305, 312-313 (1922); *Metropolitan Dist. Commn.* v. *Department of Pub. Util.,* 352 Mass. 18, 27 (1967). Further, under this statutory scheme the jurisdiction given the Supreme Judicial Court by G. L. c. 25, § 5, to stay orders of the D.P.U. is exclusive; the Probate Court has no jurisdiction, concurrent or otherwise, to enjoin imposition of a rate ap-

proved by the D.P.U. See *Wyatt* v. *Boston Consol. Gas Co.,* 319 Mass. 251, 252 (1946). Cf. *Cambridge Elec. Light Co.* v. *Department of Pub. Util.,* 363 Mass. at 495 n.32. See also *Salisbury* v. *Salisbury Water Supply Co.,* 279 Mass. 204, 206-207 (1932). Compare G. L. c. 164, § 79. 2. The defendant has filed an action for moneys due in the Superior Court, which has jurisdiction to determine whether the calculation of the bills (as opposed to the legality of the rates) is correct. We assume without deciding that, if the bills were "erroneous" and hence not "due," the Probate Court would have jurisdiction to issue an injunction. G. L. c. 215, § 6. *Turner* v. *Revere Water Co.,* 171 Mass. 329, 336-337 (1898). *Cambridge Elec. Light Co.* v. *Department of Pub. Util.,* 363 Mass. at 497. However, there is nothing in the record before us which would support a contention that there is a "bona fide dispute" (*id.*) as to the correctness of the defendant's computation of the bills. The probate judge's findings that a mistake was made in a past bill (which the defendant acknowledged and corrected) and that the defendant had agreed to make adjustments "should errors be found" are not sufficient to show a dispute over the bill in question. 3. The plaintiff's final argument that the denial of a motion for summary judgment filed in the Superior Court action is evidence of a dispute is without persuasive force. We have no way of knowing on what basis the Superior Court judge denied the motion, as that proceeding has not been included in the record on appeal. See *Haddad* v. *Board of Appeals of Medford,* 4 Mass. App. Ct. 843 (1976). Moreover, it does not appear from the record that this issue was before the probate judge. 4. As the facts are insufficient to support the judgment, that judgment must be reversed, and a new judgment is to enter dismissing the action.

*So ordered.*

*Henry A. Moran, Jr.,* for the defendant.
*Louis Kerlinsky* for the plaintiff.