Armando PEREZ & Others, Plaintiffs
vs.
**BOSTON HOUSING AUTHORITY,**
Defendant

Lewis H. SPENCE, Receiver,
**BOSTON HOUSING AUTHORITY**
Plaintiff
vs.
**BOSTON EDISON COMPANY &**
**ANOTHER, Defendants**

**No. 53715**

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**August 25, 1982**

**Richard M. Bluestein,** counsel for plaintiff

**Richard Friedman,** counsel for plaintiff.

**S. Stephen Rosenfeld,** counsel for plaintiff.

**Margot Botsford,** counsel for plaintiff.

**Leslie Newman,** counsel for plaintiff.

**Josephine V. Dye,** counsel for plaintiff.

**William A. White, Jr.,** counsel for defendant.

**Marcus E. Cohn,** counsel for defendant.

**Duncan S. Payne,** counsel for defendant.

**Robert S. Cummings,** counsel for defendant.

**J. William Codinha,** counsel for defendant.

## RULINGS, ORDERS, AND MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTIONS TO DISMISS

**Introduction**

The plaintiff Receiver (Receiver) of the Boston Housing Authority (the BHA) has brought this action against the Boston Edison Company (Edison) and the Department of Public Utilities (the DPU) seeking declaratory, injunctive and compensatory relief for alleged overcharges and unfair practices in connection with the supply of electricity and steam heat to BHA projects. Both defendants have moved to dismiss for lack of jurisdiction and for failure to state

a claim.

**Facts**

The Receiver alleges in substance the following facts in his Complaint. Pursuant to powers granted by G.L. Chapter 121B, sec. 26, the BHA owns and operates approximately 18,643 apartments in 67 housing developments for families and elderly persons of low incomes situated in Boston. Edison charges its customers, including the BHA, for electric service at rates which are approved from time to time by the DPU pursuant to G.L. Chapter 164, sec. 94. Since 1953, Edison has billed the BHA for electrical service at "Multiple Housing Rate K" for all of its apartments which are part of apartment complexes having more than one free-standing building. Approximately 10,000 BHA apartments are billed at the Multiple Housing K Rate. Edison bills its commercial and industrial electricity users at somewhat lower "General Service" rates.

Edison includes a so-called minimum charge of $2.24 per apartment per month in billing the BHA for electrical service. During the entire relevant period,[1] Edison has required the BHA to pay that charge with respect to its unoccupied as well as its occupied apartments. Many of the unoccupied apartments for which the BHA has paid that charge to Edison have been sealed for all or most of the relevant period because of serious housing state code violations and a need for major rehabilitation. Also, some of those unoccupied apartments have been combined with other apartments in order to make larger apartments available for larger families and still other vacant units have been so vacant for several months between tenancies. The Receiver calculates that Edison, over the BHA's complaints, has charged the BHA the amount of $393,322 attributable to vacant apartments which do not consume any electricity.

Edison supplies steam for heat and hot wa to the BHA for its West Broadway and South End developments. As a consequence of its comparison with its own production costs for steam, the Receiver claims that Edison has overcharged the BHA for steam provided to it in the approximate amount, of $700,000 to $1,000,000 per year. The DPU does not regulate Edison in its setting of rates and charges for the purchase and sale of steam generated by it.

**Rulings and Memorandum of Decision**

The Receiver claims that Edison has damaged the BHA in three ways; first, in charging for electricity at an unreasonably high rate (Complaint, Par. 38); second, in charging for vacant units where no electricity was used (Complaint, Par. 40); and third, in overcharging for steam (Complaint, Par. 41). The Receiver has sought to join the DPU as to the first of these claims (Complaint, Par. 39), since the DPU is empowered by statute to regulate and approve utility rates.

Both Edison and the DPU have moved to dismiss the Receiver's first claim on grounds that this Court lacks jurisdiction to hear challenges to utility rates. In addition, Edison has moved to dismiss all three claims under Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For purposes of these motions, the facts set out above shall of course be taken as true.

**The Rate Charged to the BHA**

Both Edison and the DPU argue that the Superior Court does not have jurisdiction to hear collateral attacks on rates set by the DPU for the sale of electricity. The BHA appears to suggest that because it asserts what it characterizes as a constitutional claim under 42 U.S.C. sec. 1983, it is entitled to bypass typically required procedural norms although it does not specifically

---

[1] The Receiver seeks damages only for the six-year period immediately preceding the commencement of this action. A claim as to earlier violations apparently would be barred by the relevant statute of limitations.

address the jurisdictional issue in its brief. The BHA's constitutional claim raises equal protection issues and asserts that by placing the BHA in the rate category for multiple unit housing[2] and by imposing higher charges at this rate than those imposed on industrial and commercial users, the defendants have violated the BHA's equal protection rights. This claim is unpersuasive on its face in view of the permissive standard applied to challenged social and economic legislation, i.e.,—that it bears a rational relationship to a legitimate aim sought. See **Village of Belle Terre v. Boraas,** 416 U.S. 2, 9 (1974); **Reed v. Reed,** 404 U.S. 71, 76 (1971). Moreover the BHA must show state action on Edison's part. See **Jackson v. Metropolitan Edison Co.,** 419 U.S. 345 (1974). Also, at the outset, the BHA should be required to show that it had sufficiently exhausted its administrative remedies. However, without reaching these issues I conclude that this claim must be dismissed on jurisdictional grounds. In my opinion it is clear that the BHA cannot vest this court with subject matter jurisdiction specifically assigned elsewhere by the General Court.

The General Court has granted to the DPU full authority to determine the rates at which electricity is to be sold. G.L. Chapter 164, secs. 93, 94. Consumers unhappy with the rate charged may request the DPU to hold a public hearing. G.L. Chapter 164, sec. 93, and G.L. Chapter 25, sec. 4A. Rulings of the DPU may be appealed only to the Supreme Judicial Court through a process set forth in detail in G.L. Chapter 25, sec. 5. "(I)t is undisputed that suits directly challenging public utility rates as determined by the department may not be brought in the Superior Court." **Lowell Gas Co. v. Attorney General,** 377 Mass. 37, 41 (1979). The leading case on this subject, still cited for the above proposition, is **City of Boston v. Edison Electric Illuminating Company of Boston,** 242 Mass. 305 (1922). The plaintiff City in that action alleged that the defendant exacted charges for electricity "unjustifiably, unequally and in a discriminatory manner". **Id.** at 305. Pointing out that "legislation covers the entire field," **Id.** at 311, the Court sustained the defendant's demurrer.

> The department is given full authority to determine the rates at which electricity shall be sold. If every dissatisfied customer can bring an action at common law, it is obvious that no schedule as established could have any degree of uniformity and permanency. A verdict or finding for the plaintiff might imperatively require a complete revision of the schedule rates so frequently as to unsettle any satisfactory or just administration of the service.

The BHA in sum disputes the rate at which Edison charges it for electricity. If every dissatisfied customer merely by characterizing such a claim as constitutional could circumvent the legislative scheme and sue in Superior Court, at the very least a lack of uniformity would result. Both Edison's and the DPU's motions to dismiss as to the BHA's claim in this respect should be allowed.

**Edison's Minimum Charge for Vacant Apartments**

Edison seeks to characterize the BHA's claim that it has been wrongly charged for vacant apartments as being in essence a further attack on Rate K also requiring dismissal on jurisdictional grounds. I disagree with this analysis. The issue here is one of interpretation of a contract. The BHA does not dispute the minimum amount to be charged per apartment but rather claims that the word "apartment" must be construed as meaning an "occupied apartment". Whatever the merits of this assertion, it is in any event not a collateral attack on the rate itself and this Court does have jurisdiction to hear it. **BPW**

---

[2] The BHA does not deny that the buildings in question **are** multiple unit housing.

*Plastics Corp. v. Massachusetts Electric Co.*, 5 Mass. App. Ct. 882 (1977) (rescript) (the Superior Court has jurisdiction to determine whether the calculation of utility bills, as opposed to the legality of the rates, is correct). Edison's motion to dismiss on this issue should be denied.

### Edison's Alleged Steam Overcharge

Edison next asserts that the BHA has failed to state a claim upon which relief can be granted with respect to Edison's alleged overcharges for steam. Edison's motion to dismiss must be denied unless it appears beyond doubt that it can prove no set of facts in support of his claim. **Nader v. Citron,** 372 Mass. 96, 98 (1977). A complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief. **Id,** at 104. Accordingly, it appears that the BHA's allegations regarding overcharges for steam, if true, might entitle the BHA to relief under G.L. Chapter 93A, secs. 2 and 11. It is therefore unnecessary to examine its common law claim. There is no question that G.L. Chapter 93A applies to utilities, **Lowell Gas Co., supra** at 42. The existence of unfair acts and practices within the meaning of Chapter 93A must be determined from the circumstances of each case. **Commonwealth v. DeCotis,** 366 Mass. 234, 242 (1974). The charging of exorbitant prices under otherwise valid contracts can be grounds for relief under Chapter 93A. **Id.** at 242-243. Whether or not the BHA is entitled to relief under the circumstances of this case cannot be determined at this stage and its claim as to this issue should not therefore be dismissed.

### Orders

For the reasons set out above, Edison's motion to dismiss is **allowed** as to Par. 38 of the BHA's Complaint but denied as to Pars. 40 and 41. The DPU's motion to dismiss is **allowed.**

By the Court,
**Paul G. Garrity**
**Justice of the Superior Court**