Rufo, Robert C., J.
INTRODUCTION
The Town of Barnstable filed this action seeking a declaratory judgment that defendant Energy Facilities Siting Board lacks jurisdiction to override a decision rendered by defendant Cape Cod Commission with respect to a proposed commercial wind energy facility known as the Cape Wind project. The Town of Barn-stable further seeks a declaratory judgment that the only avenue of appeal of the Cape Cod Commission’s decision in this case is to the Barnstable Superior Court or the Land Court pursuant to St. 1989, c. 716. This matter is before the court on the defendants’ motion to dismiss the Amended Complaint pursuant to Mass.R.Civ.P. 12(b)(1) and Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, the defendants’ motions to dismiss are ALLOWED.
BACKGROUND
The following facts, taken from the amended complaint, are assumed to be true for purposes of this motion to dismiss. Defendant Cape Wind Associates LLC (“Cape Wind”) is the proponent of a renewable energy wind power project, consisting of 130 wind turbine generators on a grid over 25 square miles of sub-tidal area located on Horseshoe Shoal in Nantucket Sound. The wind generated electricity from each turbine will be transmitted via submarine transmission cables to an electric service transformer platform, located within the array in federal waters, which will hold 40,000 gallons of cooling oil. Approximately 12.5 miles of electric transmission cables will cross federal and then state waters to connect the service transformer platform to Cape Cod’s mainland in Yarmouth. The transmission cables will then extend under existing public ways and an NSTAR Electric Company right-of-way and interconnect to the existing electric transmission grid at an NSTAR substation in the Town of Barnstable (“the Town”). The Town will be the closest emergency responder in the event of a collision or other accident resulting in the illegal discharge of petroleum products into Nantucket Sound from the service transformer platform or from barges transporting petroleum to Nantucket.
Pursuant to G.L.c. 164, §69J and §69Jl/4, no state agency may issue a construction permit for a “facility,” defined to include a new electric transmission line of a certain length and design rating, until the state Energy Facilities Siting Board (“EFSB”) approves a petition to construct that facility. See Alliance to Protect Nantucket Sound, Inc. v. Energy Facilities Siting Bd., 448 Mass. 45, 46-47 (2006). EFSB’s statutory mandate is to “provide a reliable energy supply for the commonwealth with a minimum impact on the environment.” G.L.c. 164, §69H. On May 11, 2005, EFSB issued a final decision approving, with conditions, Cape Wind’s request to construct the electric transmission cables in state waters and on state land to connect the service transformer platform to the regional electric grid on Cape Cod (“the Cable Project”). The Supreme Judicial Court affirmed EFSB’s decision on December 18, 2006. See Alliance to Protect Nantucket Sound, Inc. v. Energy Facilities Siting Bd., 448 Mass. at 56.
The Cape Cod Commission (“the Commission”) is a regional planning and land use agency within the structure of Barnstable County government created by the enactment of St. 1989, c. 716 (“the Act”). The Commission’s mandate is to protect, preserve and enhance the unique natural, coastal, scientific, historical, and recreational values possessed by Cape Cod. St. 1989, c. 716, §1. Pursuant to the Act, the Commission has created a regional policy plan to balance economic development and resource conservation. See St. 1989, c. 716, §7. The Commission’s approval is required prior to the commencement of construction of any project that qualifies under the Act as a Development of Regional Impact (“DRI”), one which because of the magnitude of its impact on the natural or built environment, is likely to present issues affecting more than one municipality. See St. 1989, c. 716, §2(h). The *376 Commission must review such a project to determine whether it conforms to the regional policy plan and may approve a project if it is consistent with the regional policy plan, its probable benefit outweighs its probable detriment, it is consistent with municipal development ordinances, and if applicable, it is consistent with municipal local comprehensive plans approved by the Commission. See St. 1989, c. 716, §§12, 13. Pursuant to Section 13(e) of the Act, if the Commission fails to approve a DRI, the project may not go forward. However, any party aggrieved by the Commission’s decision may seek judicial review in the Barnstable Superior Court or Land Court. St. 1989, c. 716, §17(b). The reviewing court shall hear all the evidence, determine the facts, and annul the decision if the Commission exceeded its authority. The Act provides that “(t]he foregoing remedy shall be exclusive.” St. 1989, c. 716, § 17(d).
The Cable Project automatically qualified as a DRI because it is subject to review under the Massachusetts Environmental Policy Act. See St. 1989, c. 716, §12(i). After a series of public hearings, on October 18, 2007, the Commission denied Cape Wind’s application for DRI approval of the Cable Project, without prejudice, under Sections 12 and 13 of the Act. The Commission cited Cape Wind’s failure to provide sufficient information to enable the Commission to assess the impact of the project and its consistency with the regional policy plan. Cape Wind did not, as set forth in the Act, appeal the Commission’s decision to the Barnstable Superior Court or Land Court.
Instead, on November 21, 2007, Cape Wind applied to EFSB for a certificate of environmental impact and public interest (“Certificate”) for the Cable Project pursuant to G.L.c. 164, §69K. A Certificate is “a composite of all individual permits, approvals or authorizations which would otherwise be necessary for the construction and operation of the facility.” G.L.c. 164, §69K. EFSB is authorized to issue a Certificate when a facility “cannot be constructed due to any disapprovals, conditions or denials by a state or local agency or body . . .” G.L.c. 164, §69K. The purpose of §69K is to “ensure that local boards do not use their power over licenses and permits to thwart the needs of the broader community for a reliable, affordable, and environmentally sound energy supply.” City Council of Agawam v. Energy Facilities Siting Bd., 437 Mass. 821, 828 (2002). In its application to EFSB, Cape Wind seeks a Certificate for the Cable Project which includes DRI approval as well as approval from the Town for road-opening permits under G.L.c. 164, §87 and G.L.c. 166, §21; a state highway opening permit under G.L.c. 81, §21; use and occupancy approval pursuant to G.L.c. 6A, §19 to cross under an existing rail line located on property owned by the Executive Office of Transportation; a Chapter 91 license; Section 410 Water Quality Certification; and approval from the Barnstable Conservation Commission under both G.L.c. 131, §40 and the local wetlands ordinance.
EFSB is required by statute to conduct a public adjudicatory hearing on a petition for a Certificate. G.L.c. 164, §69M. On December 21, 2007, EFSB issued a Notice of Adjudicatory Hearing on Cape Wind’s application for a Certificate. The Town has intervened in the EFSB proceedings and has filed motions arguing that EFSB lacks jurisdiction to override the Commission’s denial of DRI approval. The EFSB proceedings are still pending. Ultimately, EFSB must issue a written decision granting or denying the Certificate which contains findings with respect to the need for the facility to meet the energy requirements of the applicant’s market area; the compatibility of the facility with considerations of environmental protection, public health, and public safety; the extent to which construction and operation of the facility will fail to conform with existing state and local laws and regulations; and the public interest, convenience and necessity requiring construction and operation of the facility. G.L.c. 164, §690. Once EFSB issues a Certificate:
no state agency or local government shall require any approval, consent, permit, certificate or condition for the construction, operation or maintenance of the facility with respect to which the certificate is issued and no state agency or local government shall impose or enforce any law, ordinance, by-law, rule or regulation nor take any action nor fail to take any action which would delay or prevent the construction, operation or maintenance of such facility-
G.L.c. 164, §69K. However, any party in interest aggrieved by EFSB’s decision with respect to a Certificate may appeal to the Supreme Judicial Court in accordance with G.L.c. 25, §5. See G.L.c. 164, §69P. The Town is a party in interest in the EFSB proceedings with such appellate rights. See 980 Code Mass. Regs. §1.05(f).
The Town filed this suit against EFSB, the Commission, and Cape Wind on April 9, 2008. Count I of the Amended Complaint seeks a declaratory judgment that the Commission has exclusive jurisdiction over DRI approval under the Act, such that EFSB lacks jurisdiction to issue DRI approval as part of a Certificate under G.L.c. 164, §69K. Count II of the Amended Complaint seeks a declaratory judgment that EFSB lacks jurisdiction to review the Commission’s denial of DRI approval and the only route for obtaining review of such a denial is through appeal to the Barnstable Superior Court or Land Court in accordance with the Act. The Amended Complaint asks this Court to enjoin the EFSB proceedings until this Court issues a declaratory judgment on the merits.
DISCUSSION
Cape Wind and EFSB move to dismiss the Amended Complaint pursuant to Mass.R.Civ.P. 12(b) on the ground that it fails to state a claim upon which relief can be granted because this Court lacks subject mat *377 ter jurisdiction over the claims asserted therein. When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint, and draws all reasonable inferences from the complaint in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Berish v. Bornstein, 437 Mass. 252, 267 (2002). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Iannacchino v. Ford Motor Co., 451 Mass. at 636. Dismissal under Rule 12(b)(6) is proper where a reading of the complaint establishes beyond doubt that the facts alleged do not add up to a cause of action which the law recognizes, such that the plaintiffs claim is legally insufficient. Nguyen v. William Joiner Ctr. for the Study of War and Social Consequences, 450 Mass. 291, 294 (2007); Pontremoli v. Spaulding Rehabilitation Hosp., 51 Mass.App.Ct. 622, 624 (2001). A motion under Rule 12(b)(1) challenges the court’s jurisdiction over the subject matter of the complaint. A Rule 12(b)(1) motion, when unsupported by affidavits, presents a facial attack on jurisdiction based solely on the allegations of the complaint, taken as true. Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709 (2004).
Cape Wind and EFSB contend that the Town’s claims for declaratory judgment fail to state a claim upon which relief can be granted because the Town has not exhausted its administrative remedies in light of the fact that EFSB’s Certificate proceedings are still pending. See Daniels v. Contributory Retirement Appeal Bd., 418 Mass. 721, 722 (1994) (failure to exhaust administrative remedies is appropriate ground on which to dismiss claim pursuant to Rule 12(b)(6)). As noted above, EFSB must necessarily determine as part of those proceedings whether it has jurisdiction to issue a Certificate which includes DRI approval following the Commission’s denial of such approval.
The well-established rule is that a party seeking declaratory relief must exhaust all available administrative remedies before resort to the courts. Walpole v. Secretary of the Executive Office of Envt’l Affairs, 405 Mass. 67, 71-72 (1989); Wilczewski v. Commissioner of the Dept. of Envtl. Quality Eng’g, 404 Mass. at 792; Town of Marion v. Massachusetts Housing Finance Agency, 68 Mass.App.Ct. 208, 210 (2007). The court must be careful not to invade the province of an administrative board entrusted by the Legislature with responsibility for exercising its expertise in a particular area in the first instance. Wilczewski v. Commissioner of the Dept. of Envtl. Quality Eng’g, 404 Mass. at 792; St. Luke’s Hosp. v. Labor Relations Comm’n, 320 Mass. 467, 470 (1946). Allowing the administrative process to run its course before permitting judicial review gives the agency in question “a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing.” Town of Hingham v. Department of Housing and Community Devel., 451 Mass. 501, 509 (2008); Gill v. Board of Registration of Psychologists, 399 Mass. 724, 727 (1987). The exhaustion requirement applies to a claim that the administrative agency lacks jurisdiction to entertain the proceedings, and unless the matter in controversy is clearly beyond the scope of the agency’s authorfiy, the agency should be given an opportunity to ascertain the facts and decide the question of jurisdiction for itself. Wilczewski v. Commissioner of the Dept. of Envtl. Quality Eng’g, 404 Mass. at 793; Gill v. Board of Registration of Psychologists, 399 Mass. at 727. Only where the agency has not asserted its jurisdiction or where the undisputed facts clearly indicate that the agency is acting beyond the scope of its authority may a parly disrupt the administrative proceedings and petition the court to restrain further agency action. Gill v. Board of Registration of Psychologists, 399 Mass. at 728; Luke’s Hospital v. Labor Relations Comm’n, 320 Mass. at 470; Reliance Ins. Co. v. Commissioner of Ins., 31 Mass.App.Ct. 581, 585 (1991).
Here, the crux of the Town’s claim is that EFSB lacks jurisdiction to override the Commission’s denial of DRI approval through issuance of a Certificate under G.L.c. 164, §69K and that Cape Wind’s only remedy is to appeal the denial to Barnstable Superior Court or Land Court pursuant to the Act. EFSB has invoked its right to determine the jurisdictional question in the first instance, and the issue of jurisdiction has been briefed by the parties in the EFSB proceeding. EFSB must decide whether its authority to issue a certificate under G.L.c. 164, §69K includes DRI approval, despite the provisions of the Act. Resolution of this issue requires, in part, interpretation and application of EFSB’s governing statute, a matter within its expertise. See City Council of Agawam v. Energy Facilities Siting Bd., 437 Mass. at 828 (deferring to EFSB’s expertise in interpreting §69Kl/2 as triggered by denial of local permit). Further, this is not a case where the matter in controversy is clearly beyond the scope of EFSB’s authority. Accordingly, the circumstances weigh in favor of requiring the Town to exhaust its administrative remedies in the EFSB proceedings before seeking judicial review of the jurisdictional issue.
Nonetheless, an exception to the exhaustion requirement may be made in rare cases which present a purely legal question of wide public significance. Town of Hingham v. Department of Housing and Community Devel., 451 Mass. at 509; Kelleher v. Personnel Adm’r of the Dept. of Personnel Admin., 421 Mass. 382, 385 (1995). See also Space Building Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992) (when question before court is purely one of law and lack of jurisdiction is clear, judge should not require parties to spend valuable time and resources pursuing unnec-essaiy administrative review). The Town and the Com *378 mission urge this Court to excuse the exhaustion requirement because whether EFSB has jurisdiction to consider DRI approval in proceedings under G.L.c. 164, §69K is a purely legal question. Although there undeniably is broad public interest in the fate of the Cape Wind project, the specific legal question at issue in this lawsuit is not likely to recur and its resolution does not widely affect parties beyond the present controversy. Cf. Norfolk Electric, Inc. v. Fall River Housing Auth., 417 Mass. 207, 211 (1994) (exhaustion excused when legal question is matter of public interest affecting rights of individuals beyond present controversy); Madden v. State Tax Comm’n, 333 Mass. 734, 738 (1956) (exhaustion excused when large number of taxpayers interested in solution to legal question). The circumstances warranting an exception to the exhaustion requirement are rare. Athol Memorial Hosp. v. Commissioner of Div. of Med. Assistance, 437 Mass. 417, 426 (2002); St. Luke’s Hosp. v. Labor Relations Comm’n, 320 Mass, at 470. This Court declines to excuse the Town’s failure to exhaust its administrative remedies and address the jurisdictional issue now pending before EFSB.
Exhaustion of the EFSB proceedings is neither an inadequate remedy nor an exercise in futility. The Town has already availed itself of the ability to raise the jurisdictional issue before EFSB. As a party to the proceedings, the Town has the right to file a brief, present witnesses, cross-examine witnesses, and file comments on the tentative decision. See 980 Code Mass. Regs. §1.05(f). Should EFSB reject the Town’s argument and determine that it has the authority to issue a Certificate including DRI approval notwithstanding the provisions of the Act, the Town is entitled to appeal EFSB’s decision directly to the Supreme Judicial Court pursuant to G.L.c. 164, §69P and G.L.c. 25, §5. The SJC is authorized to review EFSB’s decision to determine whether it was arbitrary or capricious or an abuse of discretion. See G.L.c. 164, §69P. This authority presumably encompasses a review of whether EFSB has jurisdiction to issue a Certificate including DRI approval, in effect overriding the appellate remedy set forth in the Act. See Massachusetts Federation of Teachers, AFT, AFL-CIO v. Board of Educ., 436 Mass. 763, 776 (2002) (action which exceeds agency’s statutory authority is arbitrary and capricious because unrelated to achievement of statutory goals). Cf. Alliance to Protect Nantucket Sound, Inc. v. Energy Facilities Siting Bd., 448 Mass. at 55 (SJC reviewed whether EFSB improperly delegated its authority). If the SJC determines that such jurisdiction is lacking, it may vacate EFSB’s decision, with the result that the Commission’s denial of DRI approval will govern. Thus, the Commission will not lose any deference to the Act’s jurisdictional mandate to which it might be entitled.
Because the Town has failed to exhaust its administrative remedies before EFSB, this Court lacks jurisdiction over the declaratory judgment claims and must dismiss the Amended Complaint.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that Cape Wind Associates, LLP’s Motion to Dismiss Complaint Pursuant to Mass.R.Civ.P. 12(b)(6) and Mass.R.Civ.P. 12(b)(1) and Massachusetts Energy Facilities Siting Board’s Motion to Dismiss Pursuant to Mass.R.Civ.P. 12(b)(1) are ALLOWED.

Insofar as the SJC has exclusive jurisdiction over claims seeking relief from an EFSB decision, there is no reason for this Court to retain any jurisdiction over the Town’s declaratory judgment complaint. See G.L.c. 164, §69P; G.L. c. 25, §5; B.P.W. Plastics Corp. v. Massachusetts Elec. Co., 5 Mass.App.Ct. 882, 882 (1977).